JiDUFRESNE, Judge.
This is an appeal by Robert Bourgeois, et al, plaintiffs in this asbestos related class-action suit, from a judgment sustaining the defendants’ exception of no cause of action. For the following reasons, we affirm that judgment.
Plaintiffs, all of whom are former employees of Avondale Shipyards, allege that they were exposed to asbestos in the workplace. It is further alleged that such exposure can eventually lead to the onset of asbestosis and other pulmonary diseases, including various cancers, but it is not alleged, for purposes of the class-action, that any of the plaintiffs actually suffer from such diseases at the present time. The only relief sought is for the defendants (which include the shipyard as well as numerous manufacturers and distributors of asbestos, and their insurers) to establish a “judicially administered fund for periodic medical monitoring and medical ^counseling” of plaintiffs.
The trial judge sustained defendants’ exception of no cause of action and his reasons for judgment stated:
Claims made under La. Civ.Code, Art. 2315, must allege damages or the petition does not allege a cause of action. Cole v. Celotex Corp., 599 So.2d 1058, at 1063, n. 15 (La.1992); Crier v. Whitecloud, 496 So.2d 305, 308 (La.1986). Plaintiffs contend they have alleged damages, relying on two theories to support their argument. First, they contend that every worker exposed to asbestos products in the work environment breathes and inhales asbestos fibers and suffers some pulmonary damage, however small or great. Thus they contend there is damage to Plaintiffs. Plaintiffs in this petition, however, are not claiming damages for asbestosis or for any injury to pulmonary organs. If Plaintiffs herein have suffered injuries by exposure to asbestos, then they have a cause of action for repair of that harm under Article 2315. They more or less concede that such injuries cannot be proven at this time. Under Article 2315 “damage” by definition means injury that would support a claim to repair it. If Plaintiffs cannot prove asbestosis at this time, they do not have “damage” within the meaning of Article 2315, by exposure to asbestos products or even asbestos fibers, no matter how significant the amount of exposure.
Plaintiffs also argue that they state a cause of action by alleging that they have suffered damages which are the expenses for medical monitoring made necessary by significant exposure to asbestos products and the resulting asbestos fibers. Thus Plaintiffs’ petition is a claim for medical expenses without other provable injuries that would be “damage” within the meaning of Article 2315. Claims for medical expenses allegedly caused by conjectural injuries do not state a cause of action. In order to come within the meaning of “damage,” medical expenses must be the result of ■some injury. They are not themselves injuries that are damages within the meaning of Article 2315.
We agree with the above reasoning and conclusions.
We also particularly note that plaintiffs specified in their ^amended petition that “[tjhis petition is filed only for the purpose of procuring medical monitoring and medical counseling expenses and all other rights, causes, petitions for damages, or future damages are specifically reserved for other proceedings.” Thus, while an expansive reading of the petition might uncover a potential cause of action for negligent infliction of emotional distress flowing from plaintiffs’ fear of asbestosis and resultant damages, including future medical monitoring, see Straughan v. Ahmed, 618 So.2d 1225 (La.App. 5th Cir.1993), such an action is specifically excluded by the above language in the petition itself.
*788 Moreover, plaintiffs do not raise any such argument here. In these circumstances, we conclude, as did the trial judge, that the petition fails to state a cause of action.
For the foregoing reasons, the judgment sustaining defendants’ exception of no cause of action is hereby affirmed.

AFFIRMED.