841 So.2d 902 (2003)
Robert Andrew BOURGEOIS, et al.,
v.
A.P. GREEN INDUSTRIES, et al.
No. 02-CA-713.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*905 Brian C. Bossier, Mickal P. Adler, Erin H. Boyd, Metairie, LA, for Defendant-Appellant Avondale Industries, Inc.
Robert E. Caraway, III, Kenan S. Rand, Jr., Wendy K. Lappenga, Rebecca Goforth, New Orleans, LA, for Defendant-Appellant American Motorists Insurance Company.
Gary A. Lee, Richard M. Perles, Johanna G. King, New Orleans, LA, for Defendants-Appellants Steven Kennedy and Peter Territo.
Samuel M. Rosamond, III, Metairie, LA, for Defendant-Appellant Commercial Union Insurance Company.
Philip J. Borne, J., Warren Gardner, Jr., New Orleans, LA, for Defendant-Appellant Highlands Insurance Company.
Carl J. Hebert, John A. Kopfinger, Jr., New Orleans, LA, for Defendant-Appellant J.D. Roberts.
Gordon P. Wilson, New Orleans, LA, for Defendant-Appellant Travelers Insurance Company.
Frank J. Swarr, Mickey P. Landry, New Orleans, LA, for Plaintiffs-Appellees, Robert A. Bourgeois, et al.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
This suit is a class action by current and former employees of Avondale Industries, Inc., who allege they were exposed to asbestos while employed at Avondale. Plaintiffs have not manifested any physical illness or disease related to asbestos.[1] They seek establishment of a judicially-administered medical monitoring fund and counseling program. Defendants are Avondale, several Avondale executive officers, various manufacturers and distributors of asbestos, and their insurers.

PROCEDURAL BACKGROUND
Defendants filed exceptions of no cause of action, which were granted by the trial court and affirmed by this Court. Bourgeois v. A.P. Green Indus., Inc., 97-648 (La.App. 5 Cir. 11/24/97), 703 So.2d 786. The Louisiana Supreme Court found that plaintiffs had a cause of action under La. C.C. art. 2315 and reversed the ruling. The court held:
[T]he reasonable cost of medical monitoring is a compensable item of damage under Civil Code article 2315 provided that a plaintiff satisfies the following criteria:
(1) Significant exposure to a proven hazardous substance___

*906 (2) As a proximate result of this exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease___
(3) Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he or she not been exposed and (b) the chances of members of the public at large of developing the disease___
(4) A monitoring procedure exists that makes the early detection of the disease possible___
(5) The monitoring procedure has been prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles___
(6) The prescribed monitoring regime is different from that normally recommended in the absence of exposure___
(7) There is some demonstrated clinical value in the early detection and diagnosis of the disease.
Bourgeois v. A.P. Green Indus., Inc., 97-3188, pp. 9-11 (La.7/8/98), 716 So.2d 355, 360-361 (hereafter "Bourgeois I").
Subsequently the Louisiana Legislature passed Act 989 of 1999, which amended La.C.C. art. 2315 to provide, "Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease." Specific language in the Act indicated it was intended to legislatively overrule the decision in Bourgeois I.[2]
Act 989 also provided that it applied to pending suits. Accordingly, the Bourgeois defendants filed new exceptions of no cause of action, on the basis that the suit was barred by Act 989's amendment of La.C.C. art. 2315. In addition, the Avondale executive officers asserted that plaintiffs' cause of action was barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. (hereafter "LHWCA").
In response, plaintiffs filed a Motion to Declare Act 989 Unconstitutional, arguing that application of Act 989 would deprive them of their vested right to a cause of action for medical monitoring.
The district court overruled the exceptions of no cause of action, then granted plaintiffs' motion and declared Act 989 unconstitutional as it applies to the instant matter. The district court also ruled that plaintiffs' causes of actions are not barred by any worker's compensation statutes.
Because a constitutional issue was involved, defendants took a direct appeal to the Louisiana Supreme Court. They sought a finding that Act 989 is constitutional as it applies to plaintiffs. Avondale also asserted the trial court erred in holding that plaintiffs' claims against Avondale and the executive officers are not barred by any workers' compensation statutes.
The supreme court upheld the district court's ruling, finding Act 989 of 1999 could not be applied retroactively to bar plaintiffs' claims. Bourgeois v. A. P. Green Indus., Inc., 00-1528 (La.4/3/01), 783 So.2d 1251 (hereafter "Bourgeois II"). The court declined, however, to address the non-constitutional issues raised by the defendants. Instead, the supreme court transferred the case to this Court for consideration of the other issues.

*907 ISSUES
The only appellants raising issues before us on this transfer are Avondale, the Avondale executive officers,[3] and their insurers.
Avondale asserts the trial court erred in ruling that plaintiffs' cause of action against Avondale and the executive officers is not barred by any workers' compensation statutes. Avondale contends, first, that the plaintiffs' claims are for non-intentional torts and, thus, are subject to the exclusive remedy limitations of workers' compensation coverage. Second, Avondale argues that plaintiffs' claims fall under the LHWCA, because concurrent jurisdiction between the LHWCA and the Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq. ended on January 1, 1990.[4]
The Avondale executive officers assert the trial court should have dismissed these claims and directed them to the appropriate workers' compensation administration. They also contend the trial court erred in finding they are not immune from plaintiffs' tort suit as co-employees.
The defendants-appellants argue that we should not be guided by the jurisprudence that allows tort claims against the co-employees or employers for the actual contraction of an asbestos disease. Rather, they urge, this Court "should examine the instant claims in their unique context" to determine whether the tort claims asserted can be justified "when existing compensation remedies are available to give plaintiffs everything they seek without resort to the lengthy, expensive and uncertain process of attempting to obtain identical relief through the tort system."
Plaintiffs-appellees contend that neither the Louisiana Workers' Compensation Act nor the LHWCA immunizes the executive officers from plaintiffs' tort claims and that the executive officers' argument is without merit under past decisions by this Court and by the state supreme court. Similarly, they assert that Avondale's argument that plaintiffs are subject to the exclusive remedy provision of the LHWCA has been squarely addressed and rejected both by this Court and by the supreme court.

ANALYSIS
The Louisiana Workers' Compensation Act, La.R.S. 23:1021 et seq., provides that an employee who receives "personal injury by accident arising out of and in the course of his employment" shall be paid compensation by his employer. La.R.S. 23:1031(A). "`Injury' and `personal injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted." La.R.S. 23:1021(7)(a). "Accident" means "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).
*908 An employee who is "disabled because of the contraction of an occupational disease" is entitled to such compensation. La.R.S. 23:1031.1(A). "Occupational disease" is defined as "disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." La.R.S. 23:1031.1(B).
All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that the disease manifested itself, the employee is disabled from working as a result of the disease, or the employee knows or has reasonable grounds to believe that the disease is occupationally related. La.R.S. 23:1031.1(E). The rights and remedies under the Louisiana Workers' Compensation Act granted to an employee on account of an occupational disease for which he is entitled to compensation shall be exclusive of all other rights and remedies of the employee. La.R.S. 23:1031.1(H). Except for intentional acts, the rights and remedies granted under the Louisiana Workers' Compensation Act on account of an injury, or compensable sickness or disease for which the employee is entitled to compensation, shall be exclusive of all other rights, remedies, and claims for damages. La. R.S. 23:1032(A)(1)(a).
The federal Longshore and Harbor Workers' Compensation Act is contained in 33 U.S.C. § 901, et seq. Like the Louisiana Workers' Compensation Act, the LHWCA provides that compensation is payable upon the disability or death of an employee from an injury occurring upon the navigable waters of the United States, including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel. 33 U.S.C. § 903. The LHWCA defines "injury" as "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury." 33 U.S.C. § 902(2). The liability of an employer is exclusive and in place of all other liability of such employer to the employee. 33 U.S.C. § 905.
Plaintiffs petition asserts that this suit is brought on behalf of those persons similarly situated "who are currently employed or have been employed in the past by Avondale industries, Inc., 5100 River Road, Avondale, Louisiana, and who have been so situated since the early 1940s." The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n., 94-2015 (La.11/30/94), 646 So.2d 885, 888 n. 3. Cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The court reviews the petition and accepts well-pleaded allegations of fact as true, so that the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc., 616 So.2d at 1235.
In Cole v. Celotex Corp., 599 So.2d 1058 (La.1992), the Louisiana Supreme Court set out a framework for determining when a cause of action accrues in long-latency occupational disease cases. Cole and its progeny adopted the significant exposure theory to establish when a *909 tort cause of action accrues for physical harm arising from asbestosis exposure. Acceptance of this theory was confirmed in Abadie v. Metro. Life Ins. Co., 00-344 (La.App. 5 Cir. 3/28/01), 784 So.2d 46, writs denied, 01-1543 (La.12/14/01), 804 So.2d 643, and Austin v. Abney Mills, Inc., 01-1598, p. 25 (La.9/4/02), 824 So.2d 1137, 1154. The law in effect at the time of the tortious exposures will apply if the evidence proves that the exposures were significant AND resulted in the later manifestation of damages. Abadie v. Metro. Life Ins. Co., supra. "[T]he `significant tortious exposure' theory for determining when a cause of action accrued in a longlatency occupational disease case in which the plaintiff suffers from an illness or disease is when the exposures are `significant and such exposures later result in the manifestation of damages....'" Austin v. Abney Mills, Inc., supra, at 1154.
Justice Victory, in his dissent in Austin v. Abney Mills, Inc., supra, suggests that a manifestation theory should replace the significant exposure theory in determining when a cause of action accrues or vests. Application of the manifestation theory would eliminate the oftenperplexing question of when significant tortious exposure occurs. This would simplify the determination of what law applies to latent long-term torts. Justice Victory's dissent, however, has not been adopted by a majority of our supreme court and so Cole and its progeny continue to be the controlling law. Hence, in resolving latent long-term toxic torts courts must apply the law that was in effect at the time of the significant causative exposure.
In 1952 the Louisiana Workers' Compensation Law was amended to recognize asbestosis as an occupational disease. La. R.S. 23:1031.1 (1952). In Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976), the Supreme Court affirmed an award of compensation benefits to an employee who was not disabled, but who suffered impairment of a physical function from exposure to asbestos.
Thus, in order for an employee to have a cause of action for a non-intentional tort against an employer for asbestos-related medical treatment, including medical monitoring, that employee must have endured significant asbestos exposure prior to 1952, before asbestosis became an occupational disease covered by workers compensation benefits. Injury resulting from exposure after 1952 is subject to the Louisiana Workers' Compensation scheme that provides tort immunity for the employer for non-intentional torts.
Avondale admits that if plaintiffs' last exposure to asbestos was at Avondale, Avondale has an obligation under the workers' compensation scheme to provide medical benefits for injuries caused by asbestos exposure.
In 1976, the legislature amended the Louisiana Workers' Compensation Law to provide tort immunity for non-intentional torts to third persons including any principal, officer, director, stockholder, partner, or employee of the employer. La.R.S. 23:1032. In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court specifically concluded that this amendment included immunity for executive officers. Therefore, a cause of action for non-intentional tort against Avondale's executive officers can be asserted only by employees of Avondale who had significant exposure to asbestos prior to 1976.
The time of significant exposure, not the time of filing the claim, will determine which employees are entitled to assert a negligence action against Avondale and its executive officers. Those plaintiffs whose significant exposure was pre-1952, before asbestosis was a covered occupational disease, *910 have an assertable negligence cause of action against Avondale and Avondale's executive officers. Those plaintiffs whose significant exposure was between 1952 and 1976 have an assertable negligence claim against the Avondale executive officers, but not against Avondale. Plaintiffs with no significant exposure before 1976 have no negligence cause of action against Avondale or Avondale's executive officers.
Plaintiffs' petition alleges "willful misconduct" by Avondale executive officers. The purpose of the 1976 amendments to the Louisiana Workers' Compensation Law was to enlarge the exclusive remedy rule to provide immunity for other members of the employment network. However, the legislature decided against total immunity for those persons and allowed one exception for intentional acts. The exception for intentional acts recognizes the difference between damages caused without an intent to injure and those caused with intent to injure. Bazley v. Tortorich, 397 So.2d at 480.
The purpose of the intentional act exception is to prevent a person granted immunity, who intentionally inflicts an injury on an employee, from using the immunity to protect himself against the consequences of his own "willful misconduct." Reeder v. Laks Corporation, 555 So.2d 7, 10 (La.App. 1 Cir.1989), writs denied, 559 So.2d 142 (La.1990), citing Johnson, Developments in the Law, 1980-1981Workers' Compensation, 42 La. L.Rev. 620, 631-32 (1982). To constitute an "intentional act" for purposes of the exception to the exclusivity of the workers' compensation remedy, the defendant must have either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Bazley v. Tortorich, 397 So.2d at 482.
Whether the alleged "willful misconduct" in this case constitutes an intentional act cannot be ascertained at this stage of the proceeding. Therefore, the Exception of No Cause of Action as to the willful misconduct allegation was properly denied.
Avondale and its executive officers assert that a claim for medical monitoring is a new cause of action and that the theory established in Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, should apply. In Walls, the Louisiana Supreme Court distinguished between a survival action for pain and suffering and a wrongful death claim, holding that the law at the time of exposure applies in the survival action, while the law in effect at the time of the death applies in a wrongful death claims. Avondale and its executive officers contend that claims for medical monitoring should be considered a new cause of action and that the law in effect at the time that the claim for medical monitoring is made should be applied.
A claim for medical monitoring is a claim for medical expenses incurred by the tort victim due to tortious exposure. It is a cause of action based on significant exposure to a proven hazardous substance that creates a risk of contracting a serious latent disease. Unlike a claim for wrongful death, a claim for medical monitoring is not a derivative claim.
Avondale and its executive officers also argue that the LHWCA controls. Under the LHWCA, plaintiffs are prohibited from suing co-employees in tort. This Court addressed this issue fully in Abadie v. Metropolitan Life Insurance, 00-344 at p. 22, 784 So.2d at 67, in which we stated:
We find that the Louisiana Supreme Court case of Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La. 1976), controls for the pre-1976 injuries. It holds that LHWCA and state workers *911 compensation schemes provide concurrent remedies for these maritime workers who work over land; plaintiffs may choose to proceed under either scheme. Further, if a plaintiff chooses to proceed under the state compensation scheme and makes no claim under LHWCA, he may avail himself of the entire body of state compensation law, not merely the portions that do not conflict with the federal scheme. Thus, the plaintiffs choice to proceed under state law allows them to sue the executive officers in tort, under pre-amendment R.S. 23:1032 and 23:1101, a remedy not available under the LHWCA.
Accordingly, the trial court was correct in overruling the exceptions of no cause of action.

DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.
NOTES
[1] The petition describes the class of plaintiffs as persons "who have not been previously informed of a diagnosis of an asbestos-related disease or who have been informed of an asbestos-related disease but are in need of regular medical monitoring. Persons with lawsuits filed due to an asbestos-related disease are specifically excluded from this class action."
[2] "The provisions of this Act are interpretative of Civil Code Article 2315 and are intended to explain its original intent, notwithstanding the contrary interpretations given in Bourgeois v. A.P. Green Indus., Inc., 97-3188 (La.7/8/98); 716 So.2d 355, and all cases cited therewith." Acts 1999, No. 989, § 2.
[3] The individual defendants are Peter Territo, Steven Kennedy, and J.D. Roberts, and their insurers are American Motorists Insurance Company, Commercial Union Insurance Company, and Highlands Insurance Company.
[4] That was the effective date of Acts 1989, No. 454, which added La.R.S. 23:1035.2 to the worker's compensation statutes. La.R.S. 23:1035.2 provides, "No compensation shall be payable in respect to the disability or death of any employee covered by the ... Longshoremen's and Harbor Worker's Compensation Act [sic]...."