## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0304

**KEVIN H. JAMES**

**VERSUS**

**RED SIMPSON, INC., ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 207,455
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett,
Judges.

**AFFIRMED.**

**David L. Wallace**
**Attorney at Law**
**P. O. Box 489**
**DeRidder, LA 70634**
**(337) 462-0473**
**Counsel for Plaintiff/Appellant:**
        **Kevin H. James**

**Raymond L. Brown, Jr.**
**Lottie L. Bash**
**Gold, Weems, Brusher, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellee:**
        **Red Simpson, Inc.**

**DECUIR, Judge.**

Kevin James appeals the grant of summary judgment in favor of his employer, Red Simpson, Inc. For the reasons that follow, we affirm.

## FACTS

Kevin James was employed by Red Simpson, Inc. as a lineman. On January 21, 1998, he was working in Florida on behalf of Red Simpson. When working at home in Alexandria, James was allowed to wear whatever clothing he desired. For the Florida job, Red Simpson required James to wear a particular shirt with the company name on it.

While working in the shirt, James was burned when an electric line arced. The shirt, which was alleged to be flame retardant, did not prevent his burns. James filed suit against Red Simpson and his supervisor, Rick Westbrook, alleging that Westbrook, by ordering him to wear the shirt, intended that James be burned or that he knew or should have known that the injury would inevitably result. The defendants filed a motion for summary judgment asserting the employer's statutory immunity under workers' compensation law. The trial court granted the motion. James lodged this appeal.

## DISCUSSION

James contends that the trial court erred in finding that there were no genuine issues of material fact regarding whether the employer committed an intentional act sufficient to defeat the exclusivity of the workers' compensation act as a remedy for injured employees. We disagree.

At the outset, we note that appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir.

10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id*. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id*.

2

"Facts are material if they determine the outcome of the legal dispute."

*Soileau*, 702 So.2d at 821. The determination of the materiality of a particular fact

must be made in light of the relevant substantive law. *Id.* In this case, the relevant

substantive law is found in La.R.S. 23:1032. If an employee is injured or killed in the

course and scope of his employment, the exclusive remedy is workers' compensation.

La.R.S. 23:1032(A). However, when the injury occurs from an intentional act, the

employee and his family may seek other remedies. La.R.S. 23:1032(B). This statute,

giving a worker and his family a remedy for an intentional injury, states:

> Nothing in this Chapter shall affect the liability of the employer,
> or any officer, director, stockholder, partner, or employee of such
> employer or principal to a fine or penalty under any other statute or the
> liability, civil or criminal, resulting from an intentional act.

In *Ponthier v. Brown's Mfg., Inc.*, 95-1606, pp. 5-6 (La.App. 3 Cir. 4/3/96),

671 So.2d 1253, 1256-57, we said:

> Our brethren on the First Circuit, Court of Appeal visited this
> issue recently in *Landry v. Uniroyal Chemical Co., Inc.*, 94-1274
> (La.App. 1 Cir. 3/3/95); 653 So.2d 1199, *writ denied*, 95-1381 (La.
> 9/15/95); 660 So.2d 461. That court rendered as follows:
>
>> Louisiana courts have narrowly interpreted the
>> intentional act exception to the worker's compensation
>> exclusivity provisions. (Citations omitted.) In *White v.
>> Monsanto Co.*, 585 So.2d 1205, 1208 (La.1991), the
>> supreme court explained the meaning of "intentional act"
>> under Revised Statute 23:1032(B):
>>
>>> [T]he person who acts either (1) consciously
>>> desires the physical result of his act, whatever
>>> the likelihood of that result happening from
>>> his conduct; or (2) knows that that result is
>>> substantially certain to follow from his
>>> conduct, whatever his desire may be as to that
>>> result. Thus, intent has reference to the
>>> consequences of an act rather than to the act
>>> itself. Only where the actor entertained a
>>> desire to bring about the consequences that
>>> followed or where the actor believed that the

3

result was substantially certain to follow has an act been characterized as intentional, *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

The term "substantially certain" has been interpreted to mean "nearly inevitable," "virtually sure," and "incapable of failing." (Citation omitted.) It requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur. (Citation omitted.) Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence. (Citation omitted.)

Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff. (Footnotes omitted.)

*Id.* at 1202.

In the present case, James alleges no conduct on the part of the employer that is sufficient to establish an intentional act under the law. Likewise, we find no such conduct in our review of the record. Accordingly, we find that the grant of defendants' motion for summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Kevin James.

**AFFIRMED.**