889 So.2d 1121 (2004)
Scott S. PERRET and Nicholas E. Bergeron
v.
CYTEC INDUSTRIES, INC., and/or American Cyanimid, Inc., Turner Industries, Inc., International Maintenance Corporation, E.J. Savin and Joe Claudet.
No. 04-CA-745.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
*1122 John M. Futrell, Lee Futrell & Perles, New Orleans, LA, and Lynn Eric Williams, Jr., Metairie, LA, for Plaintiff/Appellant.
Thomas E. Balhoff, Judith R. Atkinson, Carlton Jones, III, Roedel, Parsons, Koch, Blache, Balhoff & McCollister, Baton Rouge, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Plaintiffs appeal from a decision of the trial court granting summary judgment in favor of defendants, dismissing their cause of action. For the reasons that follow, we affirm the decision of the trial court.
The plaintiffs filed suit in the twenty-ninth judicial district court for the Parish of St. Charles. The case was transferred to the Twenty-Fourth Judicial District Court pursuant to an exception of improper venue. In the suit, the plaintiffs allege that they were intentionally exposed to mercury, and that they suffered damages as a result of the exposure.
Plaintiffs were employed by IMC as instrument technicians at Cytec's facility in Westwego. IMC was performing work for *1123 Cytec under a maintenance contract. IMC had been working at the Cytec plant since 1983.
The plaintiffs were working in a trailer allegedly owned by Cytec. Mercury manometers were stored in the trailer. It is unknown who owned the manometers or who put them in the trailer. The plaintiffs both testified that they knew that the manometers were in the trailer. The other persons involved stated that they did not see the manometers. Neither plaintiff was concerned about the manometers, nor did they report them to anyone.
In the 1980's or 1990's, Cytec ordered the removal all mercury manometers. The manometers in the trailer were overlooked. They were removed from the trailers in June of 1997, and placed in an adjacent work shed. In May of 1998, Perret moved the desks in the office, and he found pools of mercury under and behind his desk. He contends that the mercury was spilled when the manometers were removed. Earl Williams removed the spilled mercury by sweeping and vacuuming.
Several days later, Perret reported the mercury to IMC's safety representative. Perret stated at trial that he did not want to return to work in the trailer, but was directly ordered to do so by IMC's project supervisor, Edwin J Savin, Jr. One week later, Cytec quarantined the trailer. Perret alleges that he and Bergeron were ordered to go into the trailer one last time and get their tools. Savin denies this allegation.
Thereafter, the trailer was destroyed and Cytec purchased a new one for the IMC's instrument technicians.
Blood samples taken from the two plaintiffs revealed that both had mercury levels above the exposure index recommended by the American Conference of Governmental Industrial Hygienist. Both men suffered from medical conditions that could be associated with mercury poisoning. These results were revealed to defendants after the trailer had been destroyed.
It is not disputed that plaintiffs were IMC employees, and that Mr. Savin was the superintendent for IMC and a co-worker of plaintiffs. It is also undisputed that Cytec was the plaintiff's statutory employer, and Mr. Claudet was the superintendent of Construction and Systems for Cytec. Thus, the plaintiff's claims are barred by the worker's compensations statutes, unless plaintiff can show an intentional act. La. R.S. 23:1032 and La. R.S. 23:1061(A)(1).
In this appeal, plaintiffs allege that the trial court erred in granting the motion for summary judgment filed by Cytec, IMC, Savin and Claudet, as there are still genuine issues as to whether the employer/defendants knowingly placed them in work areas contaminated with toxic chemicals.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2).
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764, 765. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *1124 Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The movants, ..., have the burden of proof. La.Code Civ. Pro. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Pro. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ. Pro. art. 966(C)(2).
Richard v. Hall, XXXX-XXXX (La.4/23/04), 874 So.2d 131, 137.
Summary judgments are reviewed de novo on appeal. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Underwood v. Best Western Westbank, Inc., 04-243 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274, (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.)
Plaintiffs in this case filed suit, seeking to recover damages under the intentional acts exception to the worker's compensation statutes.
The exception for intentional acts recognizes the difference between damages caused without intent to injure and those caused with intent to injure. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Bourgeois v. A.P. Green Industries, 02-713 (La.App. 5 Cir. 2/25/03), 841 So.2d 902, 910. The purpose of the intentional act exception is to prevent a person granted immunity, who intentionally inflicts an injury on an employee, from using the immunity to protect himself against the consequences of his own "willful misconduct." Bourgeois, supra, 841 So.2d at 910.
To constitute an "intentional act" for purposes of the exception to the exclusivity of the workers' compensation remedy it must be shown that the actor either 1) consciously desires the physical result happening from his conduct, or 2) knows that the result is substantially certain to follow from his conduct. Smith v. Tanner Heavy Equipment Co., Inc., 01-0886 (La.6/15/01), 790 So.2d 615; Bourgeois, supra. "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." An employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement. Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing. Hines v. Riceland Drilling Co., 04-503 (La.App. 3 Cir. 9/29/04), 882 So.2d 1287, 1290; See also Thomas v. Fina Oil and Chemical Co., 02-0338 (La.App. 1 Cir. 2/14/03), 845 So.2d 498.
Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised *1125 Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff. Mouton v. Blue Marlin Specialty Tools, Inc., 01-648 (La.App. 3 Cir. 10/31/01), 799 So.2d 1215, 1219. Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. The worker's compensation statutes, as enacted, limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, and anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. 799 So.2d at 1219.
In this case, plaintiffs have failed to present any evidence to show that either Cytec and its employee, Savin, or IMC and its employee, Claudet, consciously desired that plaintiffs become ill from expose to mercury, or that they were substantially certain that plaintiffs would become ill.
Plaintiffs rely on the case of Abney v. Exxon Corp., 98 0911 (La.App. 1 Cir. 9/24/99), 755 So.2d 283. In that case, the plaintiffs were exposed to known carcinogenics in a fractional tower, which was a confined space. Every time the employees went into the tower, they suffered nose bleeds and other symptoms, and they informed the employer of these problems, however the employers refused to provide them with safety equipment. Further, they were told to return to work or to quit employment. The court found that plaintiffs proved an intentional act, stating that "When an employer repeatedly sends employees back to work without safety equipment or without remedial measures being taken, and the employees are inevitably injured each time they are sent back to work, then the employer can be considered to have committed an intentional act." 755 So.2d at 289.
In this case, there is no evidence that the employers knew that plaintiffs had suffered injury as a result of the mercury, until after the trailer had been destroyed. Further, there is no evidence to show that the employers sent plaintiffs repeatedly back into the trailer despite knowledge that there was mercury and that the plaintiffs were is as a result. Accordingly, the Abney case is inapplicable to this matter.
We believe that this case is more akin to the factual scenario set forth in Mouton, supra. In that case, plaintiff's duties included receiving, cleaning and reconditioning of used oilfield pipe and rental equipment. Plaintiff suffered an eye injury. In addition to the symptoms associated with his eye, plaintiff complained of severe headaches, dizziness, breathing difficulties, chest pains and other problems. Plaintiff's doctor wrote a note for his supervisors, advising that plaintiff should avoid Varsol and other strong solvents. Mouton gave the note to his supervisors, but continued to perform the same duties. In plaintiff's suit against the employer, he alleged negligence and/or intentional acts on the part of the employer in falling to provide protective clothing, respirators, equipment, property training, medical surveillance, and "gross and willful violations" of workplace health and safety regulations. On appeal from the trial court's grant of summary judgment in favor of employees, the court said that "At worst, the record before the trial judge demonstrated exposure of workers to hazardous substances in violation of safety regulations." 799 So.2d at 1220.
In this case, the record before us reflects that plaintiffs were exposed to mercury. There is nothing to show that either *1126 Cytec or IMC actively intended that plaintiffs suffer harm, or that they were substantially certain that harm would follow. As in Mouton, supra, the record in this matter shows that, at worst, the plaintiffs were exposed to hazardous substances in violation of safety regulations. Accordingly, the trial court did not err in granting summary judgment in this matter.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs.
AFFIRMED.