PER CURIAM.
United Services Automobile Association (USAA) seeks certiorari review of a circuit court order requiring production of documents in USAA’s claim file. USAA maintains the documents 'are protected by the attorney-client and work product privileges.
Christopher Buckstein, the respondent and plaintiff below, relies on Allstate Indemnity Company v. Ruiz, 780 So.2d 239 (Fla. 4th DCA), rev. granted, 796 So.2d 535 (Fla.2001), and maintains the requested documents are not protected by the work product privilege because they were prepared before the amount of coverage was contested. According to Buckstein, litigation regarding coverage was not foreseeable or anticipated until a jury returned a verdict in his favor and USAA. asserted that the amount of available coverage under the policy was more limited than Buck-stein originally believed. Regarding the attorney-client privilege, Buckstein indicated he was seeking only documents that the privilege log shows have been disclosed to third parties.
The trial court sustained USAA’s objections to producing the entire claim file, but allowed production of any and all documents in the claim file that relate to or refer to insurance coverage available to Buckstein or his father up to March 7, 2003, the date of the jury verdict.
It is not clear from the record whether either privilege applies in this case. Notwithstanding the work product objections, if any of the documents are protected by the attorney-client privilege, they are not discoverable. United Servs. Auto. Ass’n v. Roth, 859 So.2d 1270 (Fla. 4th DCA 2003). There is also some confusion between the parties regarding which documents Buck-stein is seeking from the privilege log.
Accordingly, the circuit court’s order is quashed and the cause is remanded for further proceedings. On remand, the trial court should determine which documents are really in dispute and conduct an in camera inspection to determine whether any of these documents are protected by either the work product or attorney-client privilege.
WARNER, SHAHOOD and TAYLOR, JJ., concur.