939 So.2d 1113 (2006)
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, Petitioner,
v.
HARVEY D. BENNETT, as Personal Representative of the Estate of SANDRA L. BENNETT, deceased, Respondent.
No. 4D06-1082.
District Court of Appeal of Florida, Fourth District.
October 4, 2006.
Gregory M. Keyser and Donna M. Krusbe of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., West Palm Beach, for petitioner.
Michael B. Davis of Paxton & Smith, P.A., West Palm Beach, for respondent.
KLEIN, J.
Respondent Bennett brought this suit against Liberty Mutual, his own insurer, as a result of an accident in which his wife's death was caused by an uninsured tortfeasor. After a jury verdict which was greater than the policy limits on the UM claim, Bennett filed this first-party bad faith action under section 624.155, Florida Statutes (1997). Bennett then obtained an order from the trial court requiring Liberty Mutual to produce its entire claims file, overruling objections based on work product and attorney-client privilege. We grant the petition as to information covered by the attorney-client privilege and certify the question to the Florida Supreme Court as one of great public importance.
In Allstate Indemnity Co. v. Ruiz, 899 So. 2d 1121 (Fla. 2005), the Florida Supreme Court held that the work product privilege did not protect from discovery the insurer's file in a statutory first-party bad faith claim, and the trial court accordingly correctly applied Ruiz in holding the work product privilege inapplicable. We agree with Liberty Mutual, however, that the attorney-client privilege, which was not at issue in Ruiz, does apply. XL Specialty Ins. Co. v. Aircraft Holdings, LLC, 929 So. 2d 578 (Fla. 1st DCA 2006) (holding that Ruiz did not do away with the attorney-client privilege in first-party bad faith cases); United Servs. Auto. Ass'n v. Buckstein, 891 So. 2d 1153 (Fla. 4th DCA 2005) (upholding the attorney-client privilege in a first-party bad faith case before the supreme court decided Ruiz).
We certify the same question certified by the court in XL Specialty, as one of great public importance:
DOES THE FLORIDA SUPREME COURT'S HOLDING IN ALLSTATE INDEMNITY CO. V. RUIZ, 899 SO. 2D 1121 (FLA. 2005), RELATING TO DISCOVERY OF WORK PRODUCT IN FIRST-PARTY BAD FAITH ACTIONS BROUGHT PURSUANT TO SECTION 624.155, FLORIDA STATUTES, ALSO APPLY TO ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS IN THE SAME CIRCUMSTANCES?
WARNER, J., concurs.
POLEN, J., dissenting.
I respectfully dissent. While I agree with the majority's certified question to the supreme court, and its observation that Allstate Indemnity Co. v. Ruiz did not expressly deal with the applicability of attorney-client privilege to first party bad faith discovery requests, I see no reason to treat attorney-client privilege any differently in this context. Indeed, the most telling evidence of bad faith, while otherwise arguably privileged, might be the insurer's attorney's advice to the insurer that it should settle the case for policy limits. In the face of an alleged unreasonable refusal to settle, why should not the insured be able to discover such information?
I would deny the petition, certify conflict with XL Specialty, and adopt the reasoning of the trial court in toto. To that end, I set forth the trial court's order verbatim:
THIS CAUSE is before the Court on Plaintiff's Supplemental Request to Produce, and Defendant's Response thereto. This Court, having considered same, having heard argument of counsel, and being otherwise duly advised in premises, finds and decides as follows:
The instant matter is a claim for bad faith pursuant to 624.155, Fla. Stat. Plaintiff has requested production of Defendant's claims file on Plaintiff's underlying claim for UM benefits. Defendant is arguing that based on work product and attorney/client privilege, it should not be compelled to produce its entire claims file. With respect to work product documents, Defendant is arguing that it should not be compelled to produce any documents created after October 10, 1997, as "based on the unique facts of this case, this date represents the resolution of the underlying dispute between Plaintiff and Defendant["](sic). Plaintiff argues in response that the underlying claim for UM benefits was resolved on June 21, 2001, when the jury's March 8, 2001 verdict was reduced to final judgment.
Both parties cite to the case of Allstate Indemnity Co. v. Ruiz, 889 So.2d 1121 (Fla. 2005). In that case, the Florida Supreme Court held that there should be no distinction between a third-party bad faith claim and a first-party bad faith claim for purposes of discovery. In the context of third-party bad faith factions, Florida courts determined:
It is clear that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, all materials, including documents, memoranda and letters, contained in the insurance company's file, up to and including the date of judgment in the original litigation, should be produced.

Id. at 1126, citing Stone v. Travelers Ins. Co., 326 So.2d 241, 243 (Fla. 3d DCA 1976); United Servs. Auto. Ass'n v. Jennings, 731 So.2d 1258, 1260 (Fla. 1999); Dunn v. Nat'l Sec. Fire & Cas. Co., 631 So.2d 1103, 1109 (Fla. 5th DCA 1993). The Florida Supreme Court held that first-party claimants should have "the identical opportunity to pursue bad faith claims against insurers as has been the situation in connection with third-party claims," and thus "there is no basis to apply different discovery rules to the substantively identical causes of action." Id. at 1128.
Florida case law is clear that a bad faith claimant is entitled to the insurer's file up to and including the date of judgment in the underlying matter. Ruiz, 899 So.2d at 1126. In the instant matter, the date of judgment in the underlying matter was June 21, 2001. The fact that Defendant may have been treating this matter as a bad faith claim on October 8, 1997, does not change the clear holding of the Florida courts in this regard. Therefore, Plaintiff is entitled to Defendant's file up to and including June 21, 2001, the date of judgment in the underlying matter.
Defendant also argues that the holding of Ruiz, supra, does not render the attorney/client privilege inapplicable, thereby entitling Defendant to withhold from production claim file documents protected by the attorney/client privilege. A reading of the decision in Ruiz, supra, reveals that the Florida Supreme Court did not specifically address the attorney/client privilege. However, numerous courts have addressed this issue and have found that in a bad faith action, no attorney-client privilege extends to protect documents that were created before the date of the judgment that gave rise to such claim. Dunn v. Nat'l Sec. Fire & Cas. Co., 631 So.2d 1103 (Fla. 5th DCA 1993); see also Allstate Indemnity Co. v. Oser, 893 So.2d 675 (Fla. 1st DCA 2005); Superior Ins. Co. v. Holden, 642 So.2d 1139 (Fla. 4th DCA 1994); Liberty Mutual Fire Ins. Co. v. Kaufman, 885 So.2d 905 (Fla. 3d DCA 2004). The holding in Ruiz, supra, necessarily requires a finding that the rationale in these decisions would apply to a first-party bad faith claim as well as a third-party bad faith claim. Therefore, Plaintiff is entitled to all materials contained in Defendant's claims and litigation file up to and including the date of judgment in the underlying action.
Accordingly, it is hereby
ORDERED AND ADJUDGED that Defendant, Liberty Mutual Fire Insurance Company, is hereby directed to comply with Plaintiff's Supplemental Request for Documents within thirty (30) days from the date of this Order.
Not final until disposition of timely filed motion for rehearing.