## NOT DESIGNATED FOR PUBLICATION

**REHEARING ACTION: January 30, 2008**

**Docket Number: 07   00991-CW**

**TARA RICO, ET AL.**
**VERSUS**
**KEVIN WARREN, ET AL.**

**Writ Application from Avoyelles Parish Case No. C-2006-9168**

| | |
|---|---|
| H. O. Lestage, III | Counsel for: American Interstate Insurance Company Kevin Warren Rodney Lee Johnson Tina Johnson |
| Donald Coleman Brown | Counsel for: Colony Insurance Company |
| Brian M. Caubarreaux | Counsel for: Tara Rico Derek Rico Kasey Rico |

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Tara Rico** has this day been granted.

**REHEARING  GRANTED;  WRIT  DENIED.**  On rehearing, we find no error in the trial court's ruling.  We find a genuine issue of material fact exists as to whether defendant knew that death or injury was "substantially certain" to occur as a result of the employer's conduct.  *See Clark v. Division Seven, Inc.*, 99-3079 (La.App. 4 Cir. 12/20/00), 776 So.2d 1262, *writ denied*, 01-0183 (La. 3/16/01), 787 So.2d  318; *Trahan  v.  Trans-Louisiana  Gas  Co.*, 618 So.2d  30 (La.App. 3 Cir. 1993); *Wainwright v. Moreno's Inc.*, 602 So.2d 734 (La.App. 3 Cir. 1992).  Whether the conduct was substantially certain to follow is an issue to be determined by the trier of fact.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| S.R.C. | G.B.G | E.A.P. | B.H.E. |

SULLIVAN, J., dissents. I find that the trial court erred in denying the motion for summary judgment filed by Relators, Kevin Warren, American Interstate Insurance Company, and Rodney Lee Johnson and Tina Johnson d/b/a Quality Tank Service. "Summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. LSA-C.C.P. art. 966." *James v. Red Simpson, Inc.*, 03-0304 (La.App. 3 Cir. 10/1/03), 856 So.2d 115, 117. In the case at bar, there are no factual issues in dispute. The only issue in dispute is a legal one, i.e. whether the undisputed facts support a legal finding that Relators were "substantially certain" that the placement of improper choker cables on the platform used to ascend and descend a water tank would result in the death of their employee, Danny Rico. "An employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement." *Perret v. Cytec Industries, Inc.*, 04-745 (La.App. 5 Cir.11/30/04), 889 So.2d 1121, 1124 (citation omitted). "Substantial certainty" requires that an outcome be "inevitable" or "incapable of failing." *Id.* Under the facts of the instant case, I find that Relators' conduct does not rise to the level of constituting an intentional act under La.R.S. 23:1032(B). Accordingly, I would reverse and set aside the trial court's ruling denying Relators' motion for summary judgment and would render judgment in favor of Relators, granting their motion for summary judgment and dismissing all claims against Relators with prejudice at Plaintiff's cost.