### No. 8812.
### Orleans Appeal.

---

## W. H. COPENHAVER, Appellant, v. JOHN BONURA & CO., INC.

---

(March 30, 1925, Opinion and Decree.)
(April 27, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 228.**
A purchaser of two carloads of cabbage F. O. B. Wytheville, Va., is justified in refusing delivery upon arrival of cars in New Orleans when it is shown that the cabbage on arrival was in bad condition due to its having been cut or loaded in Wytheville in the rain, causing it to heat en route and prematurely decay.

Appeal from Civil District Court for the Parish of Orleans, Division "B", Hon. Fred. D. King, Judge.

This is a suit for damages growing out of the alleged breach of a contract of sale of two carloads of cabbage by the purchaser.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hall, Monroe & Lemann, W. J. Suthon, Jr., attorneys for plaintiff and appellant.

Chas. Rosen, attorney for defendant and appellee.

WESTERFIELD, J. This is a suit for damages growing out of the alleged breach of a contract of sale of two carloads of cabbage by the purchaser.

Plaintiff, a produce dealer of Wytheville, Va., through Mallard & Ebel, a brokerage firm in this city, sold and shipped to Bonura & Co., Inc., defendant herein, two carloads of "medium cabbage". When the cabbage arrived in New Orleans, it was rejected by defendant upon the ground that it was in bad condition and after some correspondence by wire, the cabbage was sold to other parties at a considerable loss, and this suit is for the difference between the purchase price at which it was sold to defendant and the sum realized at a subsequent sale.

The sale was made F. O. B. Wytheville and while there is some effort to show that the general rule to the effect that under such circumstances the risk in transit is that of purchaser, does not apply, we are of opinion that this case presents no exceptional features in this regard. The question of whether defendant was justified in rejecting the shipment must, therefore, be determined by the condition of the cabbage when it was delivered to the carrier in Wytheville for transportation to New Orleans consigned to defendant.

It is agreed that the cabbage was damaged upon its arrival in New Orleans and the controversy arises over the extent of the damage and the cause.

There is in evidence the statement of one of the witnesses familiar with the custom of the trade that in the case of cabbage a decay of not more than 5% of a carload shipment is not unusual and not regarded as a proper ground for rejection of the shipment.

John Bonura, president of the defendant corporation, testified that the decay was in excess of five per cent. and that in his opinion, the decay was due to the cutting or loading of the cabbage in the rain.

Ebel, of Marshall & Ebel, who sold the cabbage for plaintiff to defendant, testified that he examined the cabbage with Bonura and found it in very bad condition; that it appeared to have been loaded in the rain and was wet and "as you picked the leaves off, you could see the water in it. The cabbage was evidently cut while it was raining". He was asked whether the condition of the cabbage was such as in the trade would justify a rejection and replied in the affirmative. A telegram sent by Ebel to his principal is in evidence. It reads as follows:

"TWENTY SIX SIX SIXTY AND TWENTY SIX FOUR EIGHTY EIGHT ARRIVED VERY BAD CONDITION BONURA REFUSE FORMER NUMBER AND OFFERS TWENTY DOLLARS TON DELIVERED LATTER RELEASE TWO SIX SIX SIXTY TO US WILL SELL BEST ADVANTAGE ADVISE IF GOVERNMENT INSPECTION WANTED RUSH ANSWER COMPETITORS QUOTING EIGHT DOLLARS FOB."

Two other witnesses, Chris Reuter and Albert Chalona, men of much experience in the produce business, testify that cabbage which is picked or loaded in the rain will heat in transit and rot prematurely.

It was raining in Wytheville on the day that the cabbage was delivered to the carrier as appears by the certificate of the U. S. Weather Bureau and there is a telegram in evidence sent by plaintiff to Marshall & Ebel under date of August 12, 1920, reading as follows:

"REFRIGERATOR F. G. E. 26660 BULK CABBAGE YOUR ORDER BONURA WENT FORWARD TODAY RAIN PREVENTED GETTING OTHER CAR OFF IT WILL BE SHIPPED TOMORROW IF WEATHER WILL PERMIT."

Plaintiff and ten farmers from whom the cabbage was purchased by plaintiff have testified by deposition that the cabbage was not cut or loaded in the rain. Plaintiff's testimony, however, is qualified, for he says: "Even if it did rain on those days (the days on which the cabbage was shipped) the cabbage were not according to

my construction of the phrase loaded in the rain."

Defendant offered the certificate of the Food Products Inspector of the U. S. Department of Agriculture showing the result of this official's examination of the car upon its arrival here. This report shows that the cars were properly iced and that "approximately ¾ of heads (cabbage) pale green to green color, firm and compact, balance white and somewhat soft and loose". "Over top of load throughout to a depth of about one foot 10% of heads badly decayed in stems, an occasional white head completely decayed." "Throughout rest of load practically no decay." "Of the top 2 to 4 layers heads in all parts of car about ¾ wilted and very yellow on 2 to 5 outer leaves. Practically no other defects."

There is no evidence of improper handling in transit, in fact, the cars were shown to be properly iced on leaving Wytheville according to plaintiff himself and in a similar condition in New Orleans.

Our conclusion is that the cabbage was not in proper condition when loaded, either because loaded in the rain, as seems probable, or for some other reason.

For the reasons assigned, the judgment appealed from is affirmed.