DUFRESNE, Judge.
This is an appeal by Victoria Hymel from a judgment setting aside a clause in her late husband’s will which purported to disinherit Tanya Hymel Manslank, his daughter by a previous marriage. For the following reasons, we affirm the judgment of the trial court.
The testator, Edward Daniel Hymel died on December 31,1983. A clause in his will recited that he disinherited his daughter Tanya because she had never in her life visited or spoken to him. At trial the testimony showed that the decedent divorced Tanya’s mother in 1954, when she was five months pregnant with the child. He made two attempts to see the child when she was an infant, and made intermittent child support payments until the child was about four years old. He provided no further support during her minority, and made no effort to see or communicate with Tanya for the rest of his life. After reaching majority, Tanya did not try to find or communicate with her father.
Appellant first asserts that the law applicable here is La.Civ.Code art. 1621 (12) (acts 1985, NO. 456, § 1), which provides:
12. If the child has known how to contact the parent, but has failed without just cause to communicate with the parent for a period of two years after attaining the age of majority, except when the child is on active duty in any of the military forces of the United States.
We disagree. This law was not effective until September 6, 1985, almost two years after the testator’s death. Under La.Civ. Code arts. 940 and 941, a legal heir acquires the decedent’s succession upon the latter’s death. All substantive rights to the succession are fixed as of that time, and cannot be affected by subsequent legislation, Succession of Emile Landry, 460 So.2d 29 (La.App. 1st Cir.1984). Thus, article 1621(12), is inapplicable to this case.
Appellant argues alternatively that La.Civ.Code, art. 1621(2), in effect at the time of testator’s death, would also justify his disinherison of his daughter. That paragraph states that disinherison is proper:
(2) If the child has been guilty, towards a parent, of cruelty, of a crime, or grievous injury.
On the facts of this case, it can hardly be said that the daughter’s failure to seek out a father who had made no reciprocal effort to see her or develop any relationship with her for over twenty-five years before his death was an act of cruelty on her part, and we decline to so rule. See Succession of Edgar Landry, 463 So.2d 681 (La.App. 4th Cir.1985).
There being no other grounds in this case upon which the attempted disinherison of the testator’s daughter could be based, we hold that the action of the trial judge in setting aside that clause of the will was correct. The judgment appealed is therefore affirmed and the matter is remanded to the trial court for the completion of the probate. All costs of this appeal to be paid by the appellant.
AFFIRMED AND REMANDED.