# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0180

STATE OF LOUISIANA

VERSUS

ROBERT GLENN JONES A/K/A ERNEST HANCOCK

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 00-K-3191-D
HONORABLE DONALD W. HEBERT, DISTRICT COURT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Billy Howard Ezell, Judges.

**Thibodeaux, J., dissents and assigns written reasons.**

AFFIRMED.

Earl B. Taylor
District Attorney, 27th Judicial District Court
Alisa Ardoin Gothreaux
Assistant District Attorney
P. O. Drawer 1968
Opelousas, LA 70571-1968
Telephone: (337) 948-3041
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
Telephone: (337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT
    Robert Glenn Jones a/k/a Earnest Hancock

**SAUNDERS, Judge.**

Defendant, Robert Glenn Jones a/k/a Earnest Hancock,[1] was charged by bill of information on September 27, 2000, with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, conspiracy to commit simple burglary of an inhabited dwelling, a violation of La.R.S. 14:26 and La.R.S. 14:62.2, aggravated flight from an officer, a violation of La.R.S. 14:108.1(C), and attempted first degree murder of a peace officer, a violation of La.R.S. 14:27 and La.R.S. 14:30. On April 17, 2001, the Defendant pled guilty to simple burglary of an inhabited dwelling, conspiracy to commit simple burglary of an inhabited dwelling, and aggravated flight from an officer. Trial by jury proceeded on the charge of attempted first degree murder. The jury returned a verdict of guilty of attempted second degree murder. On October 26, 2001, the Defendant was sentenced as follows:

1) Simple burglary of an inhabited dwelling - ten years at hard labor;

2) Conspiracy to commit simple burglary of an inhabited dwelling - five years at hard labor;

3) Aggravated flight from an officer - two years at hard labor; and

4) Attempted second degree murder - forty years at hard labor.

All sentences were ordered to run concurrently.

The Defendant appeals his conviction of attempted second degree murder on the basis of insufficiency of the evidence. We affirm the Defendant's conviction and sentence.

---

[1]The bill of information lists Defendant's name as Robert Jones a/k/a Earnest Hancock. The Defendant's fingerprints were submitted to the FBI who confirmed the Defendant's identity as Robert Glenn Jones.

## FACTS

On August 1, 2000, the Defendant, along with another man, burglarized the home of Rocky Edwards, stealing a television, a watch, and various other items. Larry Mire, Mr. Edwards' neighbor, saw the two men enter Mr. Edwards' home and called 911. The men were driving a black truck with a net tailgate.

Deputy Andrew Green, an employee of the St. Landry Parish Sheriff's Department, was on radar patrol on August 1, 2000, when he heard a radio transmission that police were in pursuit of a black Sonoma truck with a dent in the front quarter and an air gate. The vehicle passed Deputy Green traveling at one hundred ten miles per hour. Deputy Green then began to pursue the vehicle. The vehicle eventually turned onto Robert Bihm Road, a dead end street. The vehicle came to a stop about three to five feet from a large fence located at the end of the street. Deputy Green parked his vehicle on the road, got out of the car with his weapon drawn, and ordered the occupants of the truck to surrender. After a minute or two, the truck engine revved and the vehicle started backing toward Deputy Green at a high rate of speed. Deputy Green tried to run to the rear of his car for cover, but he had to jump on top of the trunk of his car. The truck continued an additional one hundred and fifty yards and attempted to make "some type of Hollywood whip around turn." The truck then flipped over. The Defendant and the other occupant of the truck were then arrested by Deputy Green.

## ERRORS PATENT

Reviewing the record, we find two errors patent concerning the Defendant's sentences.

First, the judge sentenced the Defendant to serve forty years at hard labor for attempted second degree murder. A sentence imposed for attempted second degree

2

murder is to be without the benefit of parole, probation or suspension of sentence. *See* La.R.S. 14:27(D)(1). Thus, the Defendant's sentence should have been imposed without benefits. Nonetheless, La.R.S. 15:301.1(A) provides:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

Thus, there is no need for correction as the Defendant's sentences are deemed to contain this restriction per La.R.S. 15:301.1(A).

Next, one year of the sentence imposed for simple burglary should have been imposed without the benefit of parole, probation or suspension of sentence. *See* La.R.S. 14:62.2 and *State v. Conley*, 411 So.2d 448 (La.1982). However, pursuant to La.R.S. 15:301.1, the sentence is deemed to contain this provision. Therefore, there is also no need for correction of this sentence.

## ASSIGNMENT OF ERROR

The Defendant contends the evidence presented at trial, when viewed in a light most favorable to the prosecution, was insufficient to sustain the verdict of guilty of attempted second degree murder.

In *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27, this court held:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct.

3

2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La.1983); *State v. Duncan,* 420 So.2d 1105 (La.1982); *State v. Moody,* 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness [sic]. Therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *King,* 436 So.2d 559, citing *State v. Richardson,* 425 So.2d 1228 (La.1983).

The Defendant was convicted of attempted second degree murder. Attempt is defined in La.R.S. 14:27(A), which provides:

Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

The elements of second degree murder are set forth in La.R.S. 14:30.1, which provides, in part:

A. Second degree murder is the killing of a human being:

(1) When the offender has a specific intent to kill or to inflict great bodily harm.

Thus, the State must prove beyond a reasonable doubt that the Defendant specifically intended to kill or to inflict great bodily harm upon a human being and that he "committed an 'act for the purpose of and tending directly toward the accomplishing of' that intent." *State v. Williams*, 95-879, p. 3 (La.App. 3 Cir. 1/31/96), 670 So.2d 414, 416 (citation omitted). "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). "[S]pecific criminal intent need not be proven as fact but may be inferred from the circumstances of the case and actions of the defendant." *State v. Robertson,* 98-883, p. 6 (La.App. 3 Cir. 12/9/98), 723 So.2d 500, 504 (citations omitted), *writ denied,* 99-0658 (La. 6/25/99), 745 So.2d 1187.

4

Once on Robert Bihm Road, Deputy Green stopped his patrol car, leaving it more to the right side of the road. Deputy Green testified it appeared to him that the Defendant looked in the rearview mirror and observed that Deputy Green was standing in the roadway to the left side of his driver's door, which was slightly open. After a minute or two, the truck engine revved and the vehicle started backing toward Deputy Green at a high rate of speed. Deputy Green testified the Defendant was looking back and coming straight toward him at thirty-five to forty miles per hour. The vehicle kept getting faster and faster as it neared Deputy Green and kept going straight toward him, never veering away. Deputy Green testified there was a yard to the right and left of his car which the Defendant could have used to turn around or pass him. There was approximately sixty to sixty-five feet between the roadway and the houses. Deputy Green tried to run from the vehicle toward the rear of his car, but he had to jump on top of the trunk of his car in order to avoid being hit.

Angela Leger lives in the last house on the right on Robert Bihm Road. Mrs. Leger testified Deputy Green's car was parked on the road, "more to the right side, but not completely over." Mrs. Leger saw both men look back at the deputy and the driver floored the gas, backing up directly toward the deputy at full speed. She testified the truck never slowed down and the deputy had to jump on the back of his car or he would have been hit. The truck did not veer, but could have driven in her yard or the yard across the street. The truck never slowed down when it got close to the deputy, and it continued to increase its speed until it flipped.

In *State v. Taylor*, 96-320 (La.App. 3 Cir. 11/6/96), 683 So.2d 1309, *writ denied*, 96-2828 (La. 6/20/97), 695 So.2d 1348, the defendant was charged with attempted first degree murder. However, he was found guilty of attempted manslaughter. The defendant struck a police officer's bicycle tire propelling him onto

5

the hood of the car. The defendant continued to accelerate while zigzagging a block and a half with the officer on the hood hanging onto the driver's side windshield wiper. As the defendant made a sharp right turn, the wiper broke and the officer fell off the hood and landed in the street. This court concluded the evidence was sufficient to infer that the defendant had the specific intent to kill the officer.

In *State v. Percy*, 02-255 (La.App. 5 Cir. 6/26/02), 822 So.2d 823, the court concluded the jury's finding that the defendant had specific intent to kill a peace officer, who was hanging in the driver's side window, was reasonable where the defendant continued to swerve his vehicle in a parking lot full of cars, fought with the officer for his weapon, and dragged the officer around trees and maneuvered close to a light pole, all while driving at a high rate of speed.

Looking to the above cited cases, and when viewing the evidence in a light most favorable to the prosecution, we find the jury had sufficient evidence to infer the Defendant had the specific intent to kill Deputy Green. The Defendant drove straight toward Deputy Green, continually increasing his speed, and testimony revealed that the Defendant could have turned his truck around at various locations or driven through yards adjacent to the street in order to avoid Deputy Green.

## DECREE

For the reasons stated above, the Defendant's conviction and sentence are affirmed in their entirety.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

ROBERT GLENN JONES A/K/A ERNEST HANCOCK


THIBODEAUX, J., dissenting.


The majority's reliance on *State v. Taylor*, 96-320 (La.App. 3 Cir. 11/6/96), 638 So.2d 1309, *writ denied*, 96-2828 (La. 6/20/97), 695 So.2d 1348 and *State v. Percy*, 02-255 (La.App. 5 Cir. 6/26/02), 822 So.2d 823 is misplaced. The facts in *Taylor* and *Percy* were far more egregious than the facts which exist here. Those facts are adequately detailed in the majority's opinion and need not be repeated.

The Defendant along with an accomplice were leaving the scene of a home burglary when they were pursued by Deputy Green. The Defendant drove down Robert Bihm Road, a dead-end street. Deputy Green followed the Defendant onto Robert Bihm Road, stopped his patrol car and left it parked more to the right side of the road. The deputy testified it appeared that the Defendant looked in the rearview mirror and saw that Deputy Green was standing in the street to the left of the driver's door of his patrol car, which was slightly open. After the lapse of a minute or two, Deputy Green heard the Defendant's truck engine "rev" and saw that the truck started backing out of the road at a high rate of speed. Deputy Green testified that the Defendant was looking back and coming straight toward him at thirty-five to forty miles per hour and kept getting faster and faster. The truck came very close to hitting

the deputy such that he had to jump on top of the trunk of his patrol car. The Defendant's truck continued to increase its speed after passing Deputy Green and eventually flipped over.

Ms. Leger's testimony corroborates that of Deputy Green with respect to the location of his patrol car on the road. She further corroborated Deputy Green's testimony regarding the speed and direction with which the Defendant backed his truck out of the road. She saw Deputy Green jump on top of his trunk when the Defendant's truck passed the deputy's patrol car.

There is no doubt that the Defendant backed his car out from a dead-end street instead of turning around in one of the yards to do so. However, the Defendant's specific acts directed toward Deputy Green involved swerving his vehicle toward the deputy's patrol car, while in the process of backing out of a street. The Defendant's truck did not contact or cause damage to the patrol vehicle. In fact, after passing the deputy's patrol car, the Defendant, as testified to by Ms. Leger and Deputy Green, continued to go even faster until he flipped the truck. I am convinced that this evidence did not provide a sufficient basis for a rational trier of fact to conclude beyond a reasonable doubt that the Defendant committed attempted second degree murder. Neither the circumstances of the chase—escaping from a recent burglary, no contact between the vehicles, and no damage to the deputy's vehicle as well as the Defendant's speed when backing out of the one-way street—nor the testimony of Ms. Leger that the Defendant could have turned around in her yard to get out of the street supplies proof beyond a reasonable doubt that the Defendant had the specific intent to kill Deputy Green. The fact that the Defendant could have turned around is of no consequence when, because he was on a dead-end-street, he still would have had to pass near Deputy Green. This evidence, without more, shows the Defendant's intent was merely to escape to avoid arrest. Because the State's evidence was insufficient to establish the essential element of intent to kill, I would reverse the Defendant's

attempted second degree murder conviction, vacate the forty-year sentence imposed, and order the entry of an acquittal.

For the foregoing reasons, I dissent.