871 So.2d 584 (2004)
STATE of Louisiana
v.
Tracy EUGENE.
No. 03-KA-1336.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2004.
*585 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Appellant, Tracy Eugene.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Court, Parish of Jefferson, Terry M. Boudreaux, Juliet ClarkAppellate Counsel, Donald RowanTrial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On March 27, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Tracy Eugene, with two counts of distribution of cocaine in violation of La. R.S. 40:967(A). At his arraignment, defendant entered pleas of not guilty to both counts.
On May 20, 2003, trial on count one commenced and the twelve-person jury unanimously found defendant guilty as charged. On May 22, 2003, defendant pled guilty to the second count of distribution of cocaine. That day, the trial judge sentenced defendant on count two, pursuant to the guilty plea agreement, to five years at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence.
On June 27, 2003, the trial judge sentenced defendant on count one of distribution of cocaine to fifteen years with the first two years without benefit of parole, probation, or suspension of sentence. That same day, the Jefferson Parish District Attorney's Office filed a multiple offender bill of information, which alleged that defendant is a second felony offender *586 based on defendant's underlying guilty plea on count two of distribution of cocaine and a 1995 conviction for distribution of cocaine. That same day, defendant admitted the allegations contained in the multiple bill. The trial judge imposed an enhanced sentence of fifteen years without the benefit of probation or suspension of sentence.
Defendant subsequently filed a motion for appeal seeking review of the May 20, 2003 jury verdict and sentence imposed on June 27, 2003. Defendant has not appealed his conviction for the second count of distribution of cocaine.

Facts
On January 17, 2003, Agent Allen James of the Jefferson Parish Sheriff's Office ("JPSO"), who was working as an undercover narcotics agent, was instructed to attempt a narcotics purchase in Westwego, Louisiana. Agent James was given a $20.00 bill, which had been photocopied by JPSO, and a handheld radio transmitter to allow JPSO surveillance officers to monitor any transactions.
Agent James drove his undercover police vehicle, which was equipped with videotape recording capabilities, to Jackson Street, an area reportedly known for illegal narcotics sales. As Agent James drove through the neighborhood, he saw a man standing on the corner of Jackson Street. Agent James waved the man over to his vehicle and asked the man where he could get a twenty. The man told Agent James to make the block so Agent James drove around the block several times and returned five to ten minutes later.
When Agent James returned, the man, later identified as defendant, gave Agent James an off-white rock-like substance, which later tested positive for cocaine, and Agent James gave defendant $20.00. The entire transaction was recorded on videotape, which was played for the jury at trial.
At trial, Agent James testified that he identified defendant in a photographic lineup four days after the undercover buy. Finally, Agent James also identified defendant at trial as the man that sold him illegal narcotics on January 17, 2003.
In his first assignment of error, defendant argues that "the erroneous denial of several of appellant's challenges for cause improperly impeded upon appellant's exercise of his fundamental and constitutional right to a jury trial." Defendant specifically argues the trial court erred in denying three of his challenges for cause during jury selection. First, defendant claims that prospective juror Monique Harlton expressed difficulty with the defendant's right against self-incrimination. Second, defendant contends that prospective juror Patricia Payton had problems with the State's burden of proof. Third, defendant maintains that prospective juror Harry Ferreira stated he could not be fair and impartial. Defendant further alleges none of these prospective jurors were rehabilitated. Defendant avers that the error warrants reversal.
La.C.Cr.P. art. 797 provides that a defendant may challenge a juror for cause on the following pertinent grounds:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence; [or]
* * *
(4) The juror will not accept the law as given to him by the court[.]
*587 A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied. However, when a prospective juror has voiced an opinion seemingly prejudicial to the defense, but, after further inquiry (frequently called "rehabilitation"), the juror demonstrates the ability and willingness to decide the case impartially according to the law and evidence, a challenge for cause is not warranted. State v. Anthony, 98-0406 (La.4/11/00), 776 So.2d 376, 391, cert. denied, 531 U.S. 934, 121 S.Ct. 320, 148 L.Ed.2d 258 (2000); State v. Bush, 02-2475 (La.App. 5 Cir. 6/26/02), 822 So.2d 859, 865, writ denied, 02-1887 (La.1/24/03), 836 So.2d 42.
The trial court is vested with broad discretion in ruling on challenges for cause and its ruling will only be reversed when a review of the voir dire record as a whole reveals an abuse of discretion. State v. Anthony, 776 So.2d at 391. The trial court has great discretion in ruling on cause challenges because it "`has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning....'" Id. at 392 (quoting, in part, State v. Lee, 93-2810, p. 9 (La.5/23/94), 637 So.2d 102,108).
Prejudice is presumed when a challenge for cause is erroneously denied by the trial court and the defendant has exhausted his peremptory challenges. State v. Anthony, 776 So.2d at 392. To prove there has been error warranting reversal of conviction and sentence, the defendant need only show (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278,1281.
In the present case, defendant exhausted his peremptory challenges and, therefore, he only needs to show that the trial court abused its discretion by denying his challenges for cause. First, defendant claims that prospective juror Monique Harlton expressed difficulty with the defendant's right against self-incrimination. After voir dire, defendant challenged Ms. Harlton on the basis that she expressed problems with defendant's right not to testify. The trial court denied the challenge for cause and defendant used a peremptory challenge to exclude her from the jury.
During voir dire, Ms. Harlton stated:
I feel I'd want to hear both sides of the story, because there's always two sides of the story. But I believe the burden of proof is, you know, with the prosecution. But, you know, myyou know, myself, I understand he doesn't have to testify. But if you're put in that position of breaking the law, you know, you'd want to defend yourself.
Defense counsel then asked Ms. Harlton if it would bother her a little bit if defendant did not testify. Ms. Harlton admitted that defendant's failure to testify would bother her "a little bit."
We have reviewed the entire transcript of jury venire and we have found that, on two separate occasions, the prospective jurors collectively responded that they would not hold defendant's refusal to testify against him. Although Ms. Harlton indicated that she would be "a little bit" bothered if defendant did not testify, she never stated she could not apply the law as given.[1] To the contrary, Ms. Harlton's responses *588 throughout voir dire demonstrated she understood and could follow the law. Ms. Harlton never stated or gave any indication that she would hold defendant's failure to testify against him. We find no abuse of the trial court's discretion in denying defendant's challenge of Ms. Harlton for cause.
Second, defendant contends that prospective juror Patricia Payton had problems with the State's burden of proof. After voir dire, defendant challenged Ms. Payton for cause on the basis that she had a family member murdered by someone on drugs and she could not apply the reasonable doubt standard. The trial court denied the challenge for cause and defendant subsequently used a peremptory challenge to exclude Ms. Payton from the jury.
On appeal, defendant challenges the denial of the challenge for cause only on the ground Ms. Payton had a problem with the State's burden of proving defendant's guilt beyond a reasonable doubt. At the beginning of voir dire, the trial court explained that the State had the burden of proving defendant's guilt beyond a reasonable doubt. Collectively, the prospective jurors indicated they could accept the principle of law and no one expressed any concern or problem with the State's burden. The prosecutor then explained in more detail the concepts of defendant's right against self-incrimination and the State's burden of proof. Once again, the prospective jurors responded collectively that they would not find defendant guilty if the State did not prove all the elements beyond a reasonable doubt.
Defense counsel then discussed the presumption of innocence. Ms. Payton specifically stated she felt comfortable with affording defendant the presumption of innocence. The prospective jurors, as a group, then indicated they did not have any concerns with the burden of proof. Ms. Payton admitted she would like to hear both sides but expressly stated she could apply the law and not hold it against defendant if he did not testify.
Defense counsel then further questioned the prospective jurors regarding how they would vote if they had some uncertainty with the evidence. Specifically, defense counsel asked, "[i]f you thought something might have happened, if you just had some uncertainty about it and if the law requires you to vote not guilty in that situation, would you be okay with that?" Ms. Payton responded, "I'm really not sure." Whereupon, a confusing exchange occurred between defense counsel and prospective juror Payton culminating with the following question from defense counsel, "Okay. Now, even if you thought it but they didn't reach the burdenthe beyond a reasonable doubt; so you would have problems with that?" Ms. Payton responded, "Probably." In denying the challenge for cause, the trial court stated that all the prospective jurors indicated they could be fair and impartial and that defense counsel confused the jurors by her questions.
In its appeal brief, the State notes that the questions posed by defense counsel were confusing and poorly stated. Our review indicates that the initial question was unclear. Further, defense counsel's follow up question was incomplete, disjointed, and confusing.[2] Defense counsel did not clearly ask whether Ms. Payton could apply the reasonable doubt standard.
Reviewing Ms. Payton's voir dire responses as a whole, we find nothing that *589 indicates that she was unwilling or unable to follow the law. In fact, Ms. Payton specifically stated she could be fair. Ms. Payton further specifically stated that she could put aside her desire to hear defendant's side of the story and afford defendant the presumption of innocence. We do find that the trial court did not err in denying the defendant's challenge for cause.
Third, defendant maintains that prospective juror Harry Ferreira stated he could not be fair and impartial. Defendant challenged Mr. Ferreira for cause on the basis he expressed concerns about being able to be fair. The trial court denied the challenge for cause. The State thereafter exercised a peremptory challenge to exclude Mr. Ferreira from the jury. In this case, Mr. Ferreira did not sit on the jury and defendant did not use a peremptory challenge to exclude him from the jury. Any error in the trial court's denial of a challenge for cause is therefore moot. See State v. Quatrevingt, 617 So.2d 484, 489 (La.App. 4 Cir.1992), writ granted, State v. Quatrevingt, 93-1644 (La.6/16/95), 655 So.2d 351, affirmed by State v. Quatrevingt, 93-1644 (La.2/28/96), 670 So.2d 197, cert. denied, 519 U.S. 927, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996), habeas corpus granted by Quatrevingt v. Cain, 99-2175, 2001 WL 327596 (E.D.La.4/3/01), reversed on other grounds by Quatrevingt v. Cain, 01-30523 (U.S. 5th Cir.La.11/15/01), 277 F.3d 1374, cert. denied, 535 U.S. 1115, 122 S.Ct. 2335, 153 L.Ed.2d 164 (2002). Based on the foregoing, we conclude that defendant's first assignment of error lacks merit.
In his second assignment of error, defendant assigns as error all errors patent. We have reviewed the record for errors patent, according to La.C.Cr.P. art. 920. We note that, while the June 27, 2003 commitment notes that the jury found defendant guilty on count one, the commitment does not reflect that the trial judge imposed sentence on count one as required by La.C.Cr.P. art. 871(A). The transcript of that hearing, however, reflects that the trial court sentenced defendant on count one to fifteen years at hard labor with the first two years without benefit of parole, probation or suspension of sentence. Where there is a discrepancy between the transcript and the commitment, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Thus, we remand with instructions to amend the commitment to reflect the imposition of defendant's fifteen-year sentence on count one.
Next, we note that it is unclear which of the two distribution of cocaine counts the trial court enhanced when sentencing defendant as a multiple offender. On June 27, 2003, the Jefferson Parish District Attorney filed a multiple bill alleging defendant to be a second felony offender. In the multiple offender bill of information, the State indicated that defendant's underlying felony, for which the State is seeking an enhanced penalty, is defendant's May 22, 2003 guilty plea to count two of distribution of cocaine and his predicate felony is a 1995 distribution of cocaine conviction.[3]
On June 27, 2003, defendant admitted the allegations of the multiple offender bill of information. When the trial judge sentenced defendant as a multiple offender, the trial court stated "[i]n case number 03-1856,[sic] the Court is going to vacate the original sentence rendered in this case, *590 and resentence Mr. Eugene to fifteen years...."
In this case, defendant was convicted of two counts of distribution of cocaine in case number 03-1854. Our reading of the sentencing transcript reveals that it is unclear which count of case number 03-1854 the trial judge intended to vacate and enhance. Therefore, we vacate defendant's multiple-offender sentence and remand for re-sentencing. See State v. Perkins, 01-1092 (La.App. 5 Cir. 2/26/02), 811 So.2d 997, 1002, writ denied, 02-0929 (La.11/15/02), 829 So.2d 422.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION VACATED AND REMANDED.
NOTES
[1] See State v. Ellis, 28,282 (La.App. 2 Cir. 6/26/96), 677 So.2d 617, 624, writ denied, 96-1991 (La.2/21/97), 688 So.2d 521.
[2] See State v. Pooler, 96-1794 (La.App. 1 Cir. 5/9/97), 696 So.2d 22, 34-35, writ denied, 97-1470 (La.11/14/97), 703 So.2d 1288.
[3] We note that, contrary to the plea agreement executed on May 22, 2003, the State filed a multiple offender bill of information seeking to enhance defendant's penalty for count two of distribution of cocaine.