890 So.2d 16 (2004)
SUCCESSION OF Frank H. NETTE, Sr.
No. 04-CA-437.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 2004.
*17 Paul N. Sens, New Orleans, LA, for Plaintiff/Appellee.
John A.E. Davidson, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and JAMES L. CANNELLA.
SOL GOTHARD, Judge.
The issue for our consideration in this matter arises from the Succession of Frank H. Nette, Sr. (hereinafter "decedent"). The decedent was survived by his wife Dian S. Nette and three children from a previous marriage, Frank H. Nette, Jr., John N. Nette, and Phillip R. Nette. This is an appeal from the trial court's judgment finding that decedent's intent was to bequeath his entire estate to his wife, Dian S. Nette. For the reasons that follow, the ruling of the trial court is affirmed.

FACTS
On November 13, 1996 Frank H. Nette, Jr. and Gilbert V. Andry, III[1] filed a Petition For Probate of Statutory Testament stating that decedent died in Jefferson Parish, State of Louisiana on November 1, 1996. They further stated that decedent left a testament in statutory form, dated September 14, 1977, and presented it for probate with the petition.
On November 20, 1996 Dian S. Nette, widow of decedent, filed a Petition for Probate and Opposition to Probate of Statutory Will alleging that an olographic will executed by decedent on June 2, 1991 revoked any and all prior wills, including the instrument filed for probate by Frank H. Nette, Jr. and Gilbert V. Andry, III. On September 13, 2000 Mrs. Nette filed a motion to consolidate the above two matters and it was so ordered.
During proceedings on July 11, 2002, it was stipulated by the parties that the olographic will of decedent, dated June 2, 1991, was executed, dated, and signed entirely by decedent, and was authentic, valid, and admissible for probate in this matter. It was also stipulated that the statutory will of decedent, dated September 14, 1977, was effectively revoked by said olographic will and the Petition for Probate of Statutory Testament of Mr. Nette, dated September 14, 1977, was dismissed. Therefore, the only remaining issue before the trial court was interpretation of decedent's donative intent in his olographic will (hereinafter "testament").
In its July 24, 2002 judgment the trial court found that the decedent's intent was to bequeath his entire estate to his wife, Dian S. Nette. Decedent's son, Frank H. Nette, Jr., has appealed that ruling.

*18 LAW

In brief to this Court, appellant assigns one error for our review. Appellant contends that the testament was ambiguous at best and that a correct interpretation of the testament does not result in the entire estate being bequeathed to decedent's widow, Dian S. Nette.
Appellant does not assign any errors pertaining to forced heirship. Further, we note that it is well settled law that all substantive rights to a succession are fixed as of the date of the decedent's death. Succession of Hymel, 546 So.2d 816, 817 (La.App. 5 Cir.1989).
Therefore, the only issue before this Court is the interpretation of the following dispositive provisions of decedent's testament:
I will and bequeath unto my wife, Dian Agnes Sens Nette all of my property of which of which (sic) I may die possessed, subject to these terms hereinafter created.
Home of 3713 W. La. State Dr., to Dian Sens Nette wife, to do with as such see (sic) may see fit for her circumstances. In the event she may die or expire before sale of such property, then equity, (remaining part) be split equally between sons John N. Nette, Phillip R. Nette and nephew Paul Sens Burguieses. I do hereby disown Frank H. Nette, Jr. of all or any part of my estate or the remaining part of Dian Sens Nette estate.
The trial court found that it was decedent's intent to bequeath his entire estate to his wife, Dian S. Nette. The factual findings of the trial court, in will contest cases, are afforded great weight and will not be set aside on appeal absent manifest error. Succession of Lee, 02-189 (La.App. 5 Cir. 10/29/02), 831 So.2d 477, 479.
In interpreting decedent's testament, former La. C.C. arts. 1712 and 1713 apply. La. C.C. art. 1712 provided: "In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament." La. C.C. art. 1713 provided: "A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none."
In brief appellant asserts that the testament language makes it apparent that the decedent intended for Dian Sens Nette to inherit, in naked ownership, all of his property, except for the home on 3713 W. La. State Dr. (hereinafter "home"). Appellant further asserts that the correct interpretation of the testament is that decedent only left his wife a usufructuary interest in the home, with the children receiving naked ownership thereof.
In the testament decedent states that he wants his wife to have "all of my property" of which he may die possessed, "subject to these terms hereinafter created." This establishes decedent's clear intent to have his wife inherit "all" of his property. This interpretation of decedent's intent is reinforced in the testament's next paragraph wherein decedent's "terms" are presented. Decedent's "terms" are that the "[h]ome of 3713 W. La. State Dr." is to go to his wife Dian Sens Nette "to do with as such" she "may see fit for her circumstances." Clearly, through this disposition, decedent is willing to his wife, direct, immediate and exclusive authority over the home, with the attending right to use, enjoy, and dispose of it. Therefore, we find that the trial court did not depart from the proper signification of the testament's terms when it concluded that decedent intended his wife *19 to inherit all of his property, including the home.
Decedent goes on to say that in the event his wife dies "before sale of such property, then equity, (remaining part) be split equally between" the children. Appellant argues that this is further proof that decedent intended that the children have naked ownership of the home.
This last bequest by decedent must be interpreted in conjunction with decedent's other bequests. Decedent willed the home to his wife to do with as she may see fit. It follows that at Mrs. Nette's death, if the home had not been sold, it would become part of Mrs. Nette's estate. Therefore, it follows that when decedent referred to splitting the "remaining part" between the children, he was referring to Mrs. Nette's estate, not a usufruct/naked ownership arrangement. This interpretation is reinforced by the testament's subsequent sentence disowning Frank H. Nette, Jr. "of all or any part of my estate or the remaining part of Dian Sens Nette estate." (emphasis added)
La. C.C. art. 1519 provides that in all testament dispositions, conditions that are contrary to the law are reputed not written. Former La. C.C. art. 1520 provided that substitutions are and remain prohibited, except as permitted by the laws relating to trusts.
In Succession of Flowers, 532 So.2d 470, 472 (La.App. 1 Cir.1988), writ denied, 534 So.2d 446 (La.1988) the testatrix willed that "In the event my sister's death after mine, the home at 4716 Highland Rd. Baton Rouge, La. I do hereby bequeath said residence to the First Presbyterian Church ..." The court found that this was a prohibited substitution and that that portion of the will was invalidated and rendered null. The court further found that the sister inherited the testatrix's interest in the property. According to the court, it was clear that the testatrix intended her sister to have all of the residue (after paying her debts first) of her property. In the present case, it is clear that the decedent intended his wife to inherit all of his estate, including the home. The language in the testament purporting to divide the "remaining part" of the home in Mrs. Nette's estate equally between the children is a prohibited substitution, contrary to the law, and therefore deemed not written.
We find no manifest error in the trial court's finding that decedent intended to bequeath his entire estate to his wife, Dian S. Nette. Therefore, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] Mr. Gilbert V. Andry, III was named as executor in the statutory testament.