1,.CLARENCE E. McMANUS, Judge.
Plaintiff, Greg Guirard, appeals from a judgment dismissing his suit against defendant, Pelican Publishing Company. For the reasons that follow, we affirm the trial court’s judgment.
In the early 1990s, R. Macon Frye contracted with defendant, Pelican Publishing Company, to publish a book, Cajun Country Guide. The contract provided that Frye would obtain the artwork for the book, and that he would deliver copies of same to Pelican. The contract also provided that Frye was responsible for compensation for the artwork and that Pelican would have no obligation with respect to the artwork used in the book, which was the sole responsibility of the author, Frye. Frye obtained the photographs used in his book from plaintiff, who is a freelance photographer specializing in Louisiana swamp and wildlife scenes.
Several years later, Frye agreed to write a second edition of Cajun Country Guide, and he again looked to Guirard for the pictures. Thereafter, in September of 1997, Frye met with Guirard and selected fifteen slides that he thought would be Inappropriate. Guirard gave him the fifteen original slides, and Frye then delivered those to Pelican.
On December 31, 1997, Pelican’s office was damaged by a fire. The slides belonging to Guirard were destroyed. At trial, it was established that the fire was not caused by any negligence on the part of the defendant.
Guirard made a claim against Pelican’s insurance, which was denied. Guirard later discovered that two slides were used in illustrating the book, one of which had been also used in the first edition.
Guirard instituted this suit against Pelican seeking damages for the destruction of his slides, and for compensation for the use of two of those images in Frye’s book. In his petition, Guirard alleged a contract of deposit with Pelican. By supplemental petition, Guirard added Frye as a defendant. Guirard settled with Frye prior to the trial.
After the court rendered judgment in this matter, Guirard requested written reasons. The trial court complied. In his reasons, the trial judge found that Frye had a legal and contractual relationship with Pelican, but that it did not extend to plaintiff, and therefore no depositary relationship between plaintiff and Pelican existed.
In this appeal, Guirard argues that the trial court erred in failing to find Pelican responsible for the value of the destroyed slides.
In his first allegation of error, Gui-rard argues that the trial court erred in failing to find liability under the tort of conversion. Guirard argues that “Pelican wrongfully exerted control over [his] slides after both [he] and Mr. Frye continually requested their return.” Pelican responds *64 that Guirard failed to present any factual allegations in his pleadings to support a cause of action for conversion, and that there was no testimony at trial to support such an allegation, and therefore this issue is not appropriately before this Court.
|4“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings.” La. C.C.P. art. 1154.
Under this provision, evidence admitted without objection automatically enlarges the pleadings only when it is not pertinent to any other issue raised by the formal assertions of a party and, hence, would have been excluded if objected to timely. Conversely, if evidence is admissible for any other purpose, it does not serve to enlarge the pleadings without the express consent of the opposing party. (Citations omitted.)
Sledge v. Continental Casualty Co., 25,770 (La.App. 2 Cir. 6/24/94), 689 So.2d 805, 819.
In the petition, Guirard alleges only that “During the period in which Pelican had custody of Plaintiffs slides, Plaintiff would inquire as to the possibility of having those slides which would not be used returned to his possession.” Guirard did not allege that he requested their return, but was refused. Both the plaintiff and Frye testified at trial that they asked Pelican about returning the slides; however this evidence was relevant to plaintiffs allegations that there existed a contract of deposit between him and Pelican. The record shows that allegations of conversion were not litigated in the trial court, and the trial court did not consider the issue of conversion in rendering its decision in this matter. Accordingly the testimony that plaintiff requested the slides return did not enlarge the pleadings so as to allow consideration of the claim for conversion.
We are aware that the doctrine of “theory of the case” has been abandoned and any relief that a party is entitled to may be granted. We agree with our brethren in the Second Circuit, when they said that the doctrine should only be applied
... where the facts constituting the claim have been pled or, indeed, where an expansion of the pleadings has transpired. Essentially, the petition must set forth the facts upon which recovery can be based. Otherwise, a defendant has neither adequate notice of the allegation |finor an opportunity to counter it. Any other approach would greatly eliminate the requirement of “fact pleading” in Louisiana.
Id., at page 819.
Accordingly, plaintiff may not raise the issue of conversion for the first time in this Court.
Second, Guirard argues that the trial court erred in failing to find a depositary relationship between Pelican and him.
A deposit is an act by which a person receives the property of another, binding himself to preserve it and return it in kind. La. C.C. art. 2926. A voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it. La. C.C. art. 2932.
Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it. La. C.C. art. 2933. “However, for the delivery of the object to another to constitute a deposit, there must also be mutual intent, expressed or implied, ... that by the act of accepting it the person who receives it has bound himself to safeguard it. Article 2926.” *65 Coe Oil Service, Inc. v. Hair, 283 So.2d 734, 738 (La.1973).
Miceli v. Riso, 02-810 (La.App. 5 Cir. 1/14/03), 839 So.2d 141, 149, writ denied, Miceli v. Riso, 03-0442 (La.5/2/03), 842 So.2d 1100.
In his reasons for judgment, the trial court found that:
Guirard never spoke with anyone at Pelican prior to providing the slides to Mr. Fry (sic). Guirard was not paid by Pelican for their use. Guirard knew that the slides were to be used by Pelican and that Pelican was the entity who would ultimately be in possession of same. Indeed, when Guirard desired their return, he called Pelican directly to seek same. However, no one at Pelican spoke directly with Guirard prior to his providing the slides to Fry (sic). Furthermore, no written documents were executed between Guirard and Pelican demonstrating a contractual relationship, either actual or implied. It is the finding of this Court that no consent existed necessary to establish a deposit relationship between Guirard and Pelican, as the legal and contractual relationship existed only with Macon Fry (sic). It is the finding of this Court that Macon Fry (sic) did have a legal contractual relationship with Pelican, but same did not extend to Guirard.
The trial court made a factual finding that there was no mutual intent between the parties, and therefore a depositary relationship had not been established between the parties. These findings of fact are subject to the manifest |fierror-clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989).
After review of the evidence presented in this matter, we cannot say that the trial court was manifestly erroneous in its findings that no contract of deposit existed between plaintiff and defendant.
Finally, Guirard argues that the trial court erred in finding that the settlement between Frye and Guirard terminated his rights to collect any further damages from Pelican. However, since there was no contract of deposit between Gui-rard and Pelican, but only between Gui-rard and 'Frye, we find no error in this ruling by the trial court.
Accordingly, the decision of the trial court is affirmed. All costs are assessed against plaintiff.

AFFIRMED.