EDWARD A. DUFRESNE, JR., Chief Judge.
 

 | ¿This is a suit to partition property. At issue here is the validity of an act of donation of immovable property in authentic form made by a then husband to his then wife. The trial judge found that the donee had not signed the act prior to the signing by the witnesses and notary, and entered partial summary judgment declaring the act a nullity, relying on
 
 Zamjahn v. Zamjahn,
 
 02-871 (La.App. 5 Cir. 1/28/03), 839 So.2d 309. For the following reasons we reverse that judgment.
 

 Initially, we note that the donee designated her action in bringing the matter before this court as an appeal. Article 1915 B of the La.Code of Civil Procedure provides that a partial summary judgment that does not resolve all issues in a case is not appealable unless designated as a final judgment by the trial judge. There was no such designation here, and therefore the judgment is not appealable. However, such judgments may be brought to this court pursuant to our supervisory jurisdiction. La. C.C.P. Art. 2201. Although it is not mandatory that we exercise this jurisdiction, it is within our discretion in appropriate cases to do so. Because Injudicial economy counsels that we do so here, we will treat this matter as an application for supervisory writs.
 

 We first note that donations inter vivos consist of two parts: the donation and the acceptance. Article 1541(prior Art. 1536) of the La. Civ.Code provides that donations inter vivos “shall be made by authentic act under penalty of absolute nullity....” La. C.C. Art. 1544 (prior Art. 1540) now provides that the acceptance shall be made during the lifetime of the donor and “may be made in the act of donation or subsequently
 
 in writing
 
 ” (emphasis added). La. C.C. Art. 1833 defines an authentic act as one executed in the presence of a notary and two witnesses and signed by the parties and the notary and witnesses. La. C.C. Art. 1835 states that an authentic act constitutes full proof as between the parties. Finally, La. C.C. Art. 1848 provides that testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act except to show vices of consent, simulation or to prove modification by later agree
 
 *974
 
 ment. The jurisprudence interpreting this article has also permitted such evidence to show eri’or, fraud or duress. (See “Revision Comments—1984,” to this article).
 

 In the present case, the act of donation produced by the donee recites that it was executed in the presence of the notary and two witnesses and shows that it was signed by the parties and the notary and witnesses. It further recites that the donation was accepted by the donee. The donor attacked the validity of this act by offering the deposition testimony of the notary (given two years after the act was passed) to the effect that the donor, one witness, and she, the notary, signed the act at one time, but she had no recollection of when the second witness and the donee signed. The donor at first stated that he signed the document in the presence of both witnesses and the notary, but later said that he had no clear recollection of the events. He also introduced a purported copy of the last page of the act which |4shows the signatures of the donor, the two witnesses and the notary, but not that of the donee. This document was found in a file, but no one had any recollection of how or by whom it came to be made. The donee recalled that the parties, the witnesses and the notary were all together at a table when the document was signed, but could not recall specifically in what order the signatures were affixed. The two witnesses had no recollection of what transpired at the signing.
 

 On the basis of the above evidence the trial judge found that the acceptance was invalid because the donee signed the act after the witnesses and the notary had done so. We hold that this was error for two reasons.
 

 First, authentic acts are presumed to be valid and a party asserting otherwise must present strong and convincing proof of such magnitude as to overcome this presumption.
 
 Meltzer v. Meltzer,
 
 95-0551, 95-0552 (La.App. 4 Cir. 9/2/95), 662 So.2d 58,
 
 writ denied
 
 95-2616 (La.1/5/96), 666 So.2d 293. This is especially true when the passage of time has blurred memories.
 
 Id.
 
 Here the memories of the notary and the donee are in substantial disagreement, the witnesses are unable to recall anything, and the donor at first contradicted the notary in asserting that he signed in the presence of both witnesses. As to the purported copy of the document found in a file, there was no indication of how it came into existence. Considering all of the contradictions and uncertainties raised by the evidence presented, we hold that there was no showing by strong and convincing proof to overcome the presumption that the act is valid.
 

 Second, effective January 1, 2009, prior Civil Code Art. 1540, which provided that acceptance had to be by authentic act, was amended and renumbered 1544, to provide that acceptance only need be in writing. Article 6 of the Civil Code provides that procedural laws apply both prospectively and retroactively, while substantive laws apply only prospectively. The issue here is thus whether |5that amendment is procedural or substantive. That section of the code relating to various acts is titled “Proof of Obligations.” As such, these articles do not create obligations, but rather only define what level of proof is required to prove the existence of obligations. Similarly, the articles dealing with the forms required for gifts relate to proving that a gift has taken place. These are therefore procedural laws and are to be given retroactive effect. That being the case, we hold that the donee’s signature on the act of donation is a sufficient writing to perfect the acceptance in accordance with present Art. 1544.
 

 For the foregoing reasons, the judgment holding that the act of donation is a nullity is reversed and that act is hereby ruled to be valid. The matter is remanded to the
 
 *975
 
 district court for further proceedings consistent with this opinion.
 

 JUDGMENT VACATED, REMANDED.