JOY COSSICH LOBRANO, Judge.
11 Defendant, Devin Waterhouse, was charged by a grand jury indictment with the second degree murder of Kiran Harris. The State filed a motion in limine seeking to admit evidence of Defendant’s affiliation with a gang known as the “Prieur and Columbus Boys” (PCB) and evidence of prior acts of violence committed by the deceased victim and/or other PCB members upon the intended target, Bryan De-val, citing La. C.E. art. 404(B). Following a hearing held on September 18, 2014, the trial court issued a written ruling on September 23, 2014, denying the admission of evidence. On an application for writs filed by the State, we now grant certiorari to review the trial court’s ruling.
The facts of the case are gleaned from the police report that the State gave to the defense at the arraignment. On February 12, 2013, the victim was shot while in the 1800 block of Laharpe Street. The victim was taken to a hospital, where he died soon thereafter. Investigation revealed that the victim and Defendant were standing in that block when they saw a vehicle driven by Deval drive by them. The victim and Deval had an ongoing dispute, and the victim had shot at Deval in [2the past. The victim opened fire on Deval’s vehicle. The State alleges that Defendant then also drew a gun and shot at Deval’s vehicle, but at the time that he fired, the victim moved in front of him and was hit by his bullet. Crime lab personnel recovered several .40 caliber spent casings and one 9 mm. spent casing. Recordings of jailhouse calls made by Jamal Clay, another gang associate of the victim and Defendant, include one made by “Devin”, alleged to be Defendant, during which Devin admitted that he accidentally hit the victim while firing at De-val’s vehicle. When Defendant was arrested on an unrelated charge several months later, he was in possession of a 9 mm. gun, but ballistics testing showed it was not the murder weapon.
The State seeks to introduce evidence, in the form of photographs depicting the victim, Clay, and Defendant showing gang signs and holding guns, to establish these three individuals are members of the PCB gang. The State argues that this evidence is relevant to show motive and intent for the shooting as well as to establish Defendant’s identity for two reasons: to show he was one of the shooters and to establish he is the same “Devin” who confessed to accidentally shooting the victim during the recorded jail house call.
At the hearing on the motion, the State contended that it was not required to meet its Prieur burden at a pretrial hearing to *1115 show that Defendant committed the alleged prior bad acts. It also contended that the evidence of gang affiliation is admissible for Prieur purposes to show identity and motive. The trial court rejected these arguments, finding that the State had a pretrial burden to show that Defendant committed the prior bad acts. The trial court also questioned whether [ .¡under the facts of this case, evidence of gang affiliation would be admissible. Finally, the trial court found that the State’s motion was filed untimely, given the rules of that section of court, and the State had failed to show good cause for its failure to timely file its motion.
The State seeks to introduce evidence of the prior incidents pursuant to La. C.E. art. 404B(1), which provides:
Except as provided in Article 412 [not applicable here], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to the conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Generally, evidence of other crimes is not admissible to show that a defendant has acted in conformity with his bad character. Such evidence is only admissible if the State shows an independent and relevant basis for it, namely those grounds set forth in La. C.E. art. 404B(1). State v. Garcia, 2009-1578 (La.11/16/12), 108 So.3d 1[1]; State v. Lee, 2005-2098 (La.1/16/08), 976 So.2d 109. The State must provide notice to the defendant prior to trial of its intention to introduce such evidence, and the defendant is entitled to a hearing. Lee, supra; State v. Prieur, 277 So.2d 126 (La.1973) (“The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required |4of an indictment or information.”). In Prieur, and the cases that have followed it, the only time limit imposed has been that the defendant must be given written notice within a reasonable time. See State v. Goza, 408 So.2d 1349, 1352 (La.1982) (noting that “[t]he prosecution within a reasonable time before trial must furnish in writing to the defendant a particularized statement of the other acts or offenses it intends to offer specifying the exception to the general exclusionary rule upon which it relies for their admissibility.”). A trial court’s ruling on the admissibility of evidence pursuant to La. C.E. art. 404B(1) will not be disturbed absent an abuse of discretion. Garcia; State v. Allen, 2012-1118 (La.App. 4 Cir. 11/20/13), 129 So.3d 724.[2]
We find that the trial court abused its discretion in finding that the State’s Art. 404(B) notice found within its motion in limine was untimely because it was not filed pursuant to the rules of that section of the court. The trial judge indicated in his ruling that it is the rule of his section of the court (Section L) that all filings relevant to other crimes evidence be filed within 20 days of a defendant’s arraignment. The Defendant was arraigned on September 17, 2013 and the State provided *1116 its Art. 404(B) notice relative to other crimes evidence on July 24, 2014, approximately two months before the last scheduled trial date of October 6, 2014 yet more than ten months too late based on the rules presumably set forth by the trial court’s pretrial order.
Here, the State complied with the “reasonable notice in advance of trial” requirement because its Art. 404(B) notice to the Defendant was filed two months prior to the last scheduled trial date. Although this Court recognizes that a trial Rcourt may adopt local rules to enable the court to conduct its judicial business, the local rule of the section of court is in direct conflict with the “reasonable notice in advance of trial” requirement dictated by Prieur and La. C.E. art. 404(B). Moreover, the record before this Court does not contain a copy of the local rule for its review. Based upon the record before this Court and the conflict between the local rule and the requirements of La. C.E. 404(B), we find that the State’s Art. 404(B) notice was timely filed. The trial court erred in finding that State’s Art. 404(B) notice was untimely and that its untimeliness was reason to exclude the evidence sought to be admitted by the State.
Next we consider whether the matter should be remanded to allow the State the opportunity to meet its burden under Prieur and La. C.E. art. 1104, by showing that evidence of gang affiliation is admissible and that the Defendant was a member of the gang. The State’s theory of the case is that the victim and Defendant were members of the same gang; that the victim and Deval were enemies; that the victim began shooting at Deval’s vehicle; that Defendant also attempted to shoot at Deval’s vehicle because he was helping the victim, his fellow gang member; and that Defendant accidentally shot the victim when the victim moved into his line of fire. The State argues that because Defendant intended to shoot at Deval’s vehicle, this intent can be transferred to his accidental shooting of the victim under the transferred intent theory. The State asserts that it needs to show Defendant’s gang affiliation in order to prove Defendant’s intent and his identity as one of the shooters in that incident. The trial court refused to allow this evidence because there was no showing that Deval was the member of a rival gang or that the shooting was gang-related.
| ^Appellate courts have held that evidence of gang affiliation was admissible to show the motive for the defendant’s actions that caused injury or death to the victims, who were members of a rival gang. See State v. Sumlin, 44,806 (La.App. 2 Cir. 10/28/09), 25 So.3d 931; State v. Brown, 42,054 (La.App. 2 Cir. 8/29/07), 965 So.2d 580; State v. Williams, 02-645 (La.App. 5 Cir. 11/26/02), 833 So.2d 497. In State v. Weatherspoon, 06-539 (La.App. 5 Cir. 12/12/06), 948 So.2d 215, the court upheld the introduction of evidence of the defendant’s gang affiliation to show a motive for shooting the victim, about whom there was no evidence of any rival affiliation, but who threw a bottle at a car in which the defendant and other gang members were riding. In State v. Smith, 44,-998 (La.App. 2 Cir. 3/31/10), 34 So.3d 386, the court upheld the introduction of evidence of the defendant’s affiliation with the Aryan Nation in order to prove her motive as a principal to the shooting of two police officers. By contrast, in State v. Barnes, 28,835 (La.App. 2 Cir. 12/11/96), 685 So.2d 1148, the court found that evidence of the defendant’s gang affiliation was not admissible under Prieur in a case where the defendant was charged with armed robbery.
In this case, the evidence of Defendant’s gang affiliation may be relevant to establish Defendant’s identity as well as his motive and intent for shooting at Deval’s *1117 car. If the State is able to meet its burden under La. C.E. art. 1104, Prieur, and its progeny, this evidence may be admissible.
The evidence of the victim (Defendant’s alleged gang associate) shooting Deval (the intended target of the underlying murder) in an earlier incident, is not Prieur evidence because it pertains to prior bad acts by the victim, not by 17Pefendant. However, it may be relevant pursuant to La. C.E. art. 401[3] to prove both Defendant’s and the victim’s motive and intent in shooting at Deval’s vehicle, and, thus, we find the trial court abused its discretion by summarily excluding it prior to trial.
Accordingly, we grant the writ, vacate the trial court’s ruling, and remand the matter for a hearing to allow the State the opportunity to meets its burden under Pri-eur and La. C.E. art. 1104.[4] The stay order issued on September 26, 2014 is lifted.
WRIT GRANTED; VACATED AND REMANDED; STAY LIFTED.

. Cert. den. Garcia v. Louisiana, - U.S. -, 133 S.Ct. 2863, 186 L.Ed.2d 926 (2013).

. Writ den. 2013-2994 (La.5/30/14), 140 So.3d 1174.

. La. C.E. art. 401 provides:
"Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

. In addition, should the trial judge find the proposed evidence relevant and otherwise admissible under Article 404 B(l), the evidence must still be subjected to an evaluation of whether it is unfairly prejudicial so as to exclude it pursuant to La.C.Cr.P. art. 403.