790 So.2d 615 (2001)
Robert L. SMITH
v.
TANNER HEAVY EQUIPMENT CO., INC.
No. 2001-C-0886.
Supreme Court of Louisiana.
June 15, 2001.
Rehearing Denied September 21, 2001.
PER CURIAM.[*]
Plaintiff was injured in the course and scope of his employment when dirt or asphalt fell on him while he was working in a ditch. He filed a tort suit against his employer, claiming that he was the victim of an intentional tort for purposes of the intentional act exclusion of the Workers' Compensation Act. The trial judge granted summary judgment in favor of the defendant, finding that the conduct complained of did not rise to the level of an intentional tort. Plaintiff appealed that decision and the court of appeal reversed. We now reverse the decision of the Third Circuit and reinstate the summary judgement granted by the trial judge in favor of defendant, Tanner Heavy Equipment Co., Inc.
In order to recover in tort in this case, plaintiff must demonstrate that his injuries resulted from an intentional act. An intentional act requires that the actor either 1) consciously desires the physical result happening from his conduct, or 2) knows that the result is substantially certain to follow from his conduct. Carrier v. Grey Wolf, 00-1335 (La.1/17/01), 776 So.2d 439; Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208.
On the day of the accident, plaintiff was working under the supervision of Roger *616 Pelt. Defendant submitted the sworn testimony of Pelt in support of its motion for summary judgment. Pelt testified that he had no actual intent that anyone be injured while working in the ditch in question, that he had no reason to believe that plaintiff was in danger while working in the ditch, and that there was no "substantial certainty" that plaintiff would suffer harm.
In opposition to the motion for summary judgment, plaintiff presented no evidence to support his argument that defendant was "substantially certain" that he would be injured a result of working conditions existing on the day of the accident. Whether or not mud had fallen on workers in the past on other jobs under other work conditions does not create a material issue of disputed fact that precludes summary judgment with respect to this accident. It is undisputed that plaintiff was working within a special structure designed to protect him against the risk of a ditch cave in at the time of the accident. Plaintiff's supervisor testified that he knew of no instances of falling mud or asphalt injuring anyone working within such a structure. In fact, plaintiff's supervisor was working in the same ditch as plaintiff on the day of the accident and there is no evidence to suggest that he felt that he or the plaintiff was in any danger.
Under the facts of this case, it is clear that defendant did not intend to cause harm to the plaintiff, nor was it substantially certain that plaintiff would be injured. Because there are no genuine issues of material fact on this issue, summary judgment in favor of defendant was clearly appropriate. Accordingly, the judgment of the court of appeal is reversed and the judgment of the trial court granting summary judgment in favor of the defendant is reinstated.
CALOGERO, C.J., dissents with reasons. KIMBALL, J., would deny the writ.
CALOGERO, Chief Justice, dissenting.
The court of appeal, after reviewing the matter de novo, found that "[e]ach and every fact necessary to make a determination as to whether the employer knew [a cave-in] was substantially certain to follow is contested." Smith v. Tanner Heavy Equipment Co., Inc., 00-1397, p. 2 (La. App. 3 Cir. 2/28/01) (unpublished). The court of appeal further found that the plaintiff employee could possibly establish an intentional tort as defined in Bazley v. Tortorich, 397 So.2d 475 (La.1981), depending on the fact-finder's credibility determinations determinations the court noted are inappropriate when deciding a motion for summary judgment. Id., p. 3. Believing the appellate court was correct in finding that there remain genuine issues of material fact, I agree with the court of appeal that summary judgment was not appropriate. See La.Code Civ. Proc. art. 966(B). In all events, under our Meador standards, set forth in La. Sup.Ct. Rule X, § 1, there is no reason for us to grant a writ in this case, particularly to reverse the court of appeal summarily. Accordingly, I respectfully dissent from the per curiam reversal of the opinion of the court of appeal.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision; Judge Philip C. Ciaccio, assigned as Justice Pro Tempore, sitting for Associate Justice Bernette J. Johnson.