MARION F. EDWARDS, Chief Judge.
|sThere are four judgments on appellate review in this tort action for damages. Each of the judgments grants a defense motion for summary judgment and dismisses one or more defendants/appellees from the lawsuit. Collectively, the four judgments dismiss all of the defen.dants/appellees,. leaving plaintiffs/appellants, Barbara and John Bruno (the Bru-nos), without a viable defendant against whom they can pursue their claim for damages. The issue before the trial court was whether injuries sustained by Barbara Bruno in the course and scope of her employment are the result of an intentional tort by a co-worker and are sufficient to support an exception to the exclusivity provision of the Workers’ Compensation Act[1]. The trial court found that the exclusivity provision of the Workers’ Compensation Act applied and granted the defense motions for summary judgment dismissing all defendants/appellees from the intentional tort action.
I/The Brunos have appealed all four judgments and argue that the trial court erred in granting the motions for summary judgment. The Brunos contend Mrs. Bruno’s injuries were caused intentionally by the actions of one or more co-workers, and there are material facts remaining to be decided in that claim, precluding the summary judgments. For reasons that follow, we find the trial court correctly granted the four motions for summary judgments, and we affirm them.

FACTS AND PROCEDURAL HISTORY

The Brunos filed a petition for damages for injuries sustained by Mrs. Bruno in 1994 at her place of employment. Mrs. Bruno, who is employed by L.M. Berry & Company (Berry), attended a company party for a departing manager. The party was on the employer’s premises during regular work hours and was a BBQ and water party with food, alcoholic beverages, and a dunking booth. Several Berry employees had water guns and were squirting each other during the party. Mrs. Bruno attended the party, ate some food, and drank some beer. At one point, she went back into the building from the patio on which the party was being held to avoid being squirted with water. However, she was squirted with water guns by some of her co-workers. She slipped and fell, causing injuries to her back and head.
Mrs. Bruno filed for and received workers’ compensation benefits and, also in 1995, joined with her husband, John, to file *1267 a lawsuit for intentional tort damages. In the original petition for damages, the Bru-nos named Mrs. Bruno’s fellow employees, Dale Granda and Donald Brehm; her employer, Berry; and its insurers, Specialty Risk Services, Inc. (Specialty) and the Hartford Insurance Company (Hartford), as defendants. In a supplemental and amending petition, the Brunos added two more defendants, Lauren McClaflin and Stephen Ferrara, who are both Barbara’s co-workers, to the lawsuit. All defendants, with the exception |fiof Lauren McClaflin; amended their answers to assert the affirmative defense of exclusive remedy pursuant to the Workers’ Compensation Act.[2]
After a lengthy discovery process, Dale Granda and Donald Brehm filed a motion for summary judgment asserting that the Brunos’ exclusive remedy lies within the Louisiana Workers’ Compensation Act, and the intentional act exception does not apply in this case. Specialty and Hartford also filed motions for summary judgment on the same basis. Stephen Ferrara filed a motion for summary judgment adding the assertion that he did not shoot Mrs; Bruno with a water gun.
After two hearings on the motions, all were granted by the trial court in four separate judgments that are the subject of this appeal.

LAW AND ANALYSIS

Appellate courts review summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant.[3] Thus,, appellate courts must ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.[4] A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”[5] The burden of proof on a motion for .summary judgment is on the mover. However,
Ifiif the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[6]
In five assignments of error, the Brunos argue that the trial court erred in finding *1268 that Mrs. Bruno’s injuries were not the result of an intentional tort. The Brunos contend they made a prima facie showing that a battery occurred under tort principles and that there are undecided material issues of fact concerning intent and liability for that battery. The Brunos assert that the trial court failed to apply the legal precepts of general tort law for the specific intentional tort alleged in this particular factual scenario when deciding that Mrs. Bruno could not recover from Berry for an intentional tort, and in ultimately concluding that her exclusive remedy is in workers’ compensation benefits.
The Brunos further argue the trial court’s holding that it is the intent to injure and not the intent to make an offensive contact that is necessary for finding an intentional tort is erroneous.[7] Additionally, the Brunos argue that the issue of material fact to be decided is intent, a subjective fact for which summary judgment is an inappropriate procedure.
La. R.S. 23:1082 provides that workers’ compensation is the exclusive remedy for an employee injured at work, unless the act causing the injury was an intentional act. The Louisiana Supreme Court and the various Louisiana Courts of Appeal have extensively explored the intentional act exception to La. R.S. 23:1032 as it relates to an employer’s liability to prosecution. It is clear that the meaning |7of “intent” in this context “is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.”[8]
This Court has discussed the “substantially certain” element in this context in Nicks v. AX Reinforcement Co.,[9] In Nicks, we explained that, if a claimant can show substantial certainty that the consequences will follow the act, he can be relieved of the difficulty of trying to establish a subjective state of mind.[10] However, to rise to the level of an intentional tort, the case must be taken out of a simple realm of possibility, as in negligence cases, and express the concept that an actor knew with such a certainty that the injuries were substantially certain to follow, that a denial of that knowledge is not believable.[11] Substantially certain to follow requires more than a reasonable probability that an injury will occur.[12]
The transcripts of the hearings show that the trial court did not find that any of the defendants/appellees consciously desired to injure Mrs. Bruno when they shot her with a water gun at the company party. However, the Brunos argue that the co-workers intended the contact to be offensive and “at least slightly painful or harmful.” They also argued that it is better for the unexpected losses to fall upon the intentional wrongdoer. The Brunos *1269 use Caudle v. Betts,[13] to support the arguments and their assertion that a battery, although intended as nothing more than a good-natured practical joke, is an intentional tort.
|sThe trial court gave extensive Reasons for Judgment in which it distinguishes the Caudle case. As the trial court.noted, the president of the company in Caudle intentionally shocked the employee in the neck with a condenser, while, in the instant case, co-employees squirted Mrs. Bruno with a water gun. The trial court found that shooting a person with water, while annoying, is not intended to do any harm or to be even slightly painful. We agree that the Caudle case is factually dissimilar and not controlling.
Mrs. Bruno argues that material facts surrounding the incident are disputed, and the trial court erred in granting the summary judgments. We disagree. The facts, even if taken only from Mrs. Bruno’s deposition as true, do not preclude the grant of the motions for summary judgments.
Mrs. Bruno testified there was a party for a fellow employee who had gotten a new job. The party, which involved a BBQ and a dunking booth, was on the patio of the office building during work hours. Mrs. Bruno stated that the BBQ was on one side of the patio and the dunking booth was set up on the other side near the parking lot. Mrs. Bruno got to the party at about 2:30 p.m. after attending a meeting. When she arrived, she observed some of her co-workers had water guns and were squirting each other, while others were talking and eating. Mrs. Bruno testified that she had to keep moving to avoid being squirted with water and to find a dry place to eat. While she did not participate in the water gun squirting activities, she had casual conversations with some of those who were participating. While she was outside attending the party, one of her co-workers, Paul Stone, indicated he was going to squirt her. Mrs. Bruno told him not to squirt her, and he did not. However, later when Mrs. Bruno walked back into the stairwell of the building, she was squirted with water. Mrs. Bruno stated that when she walked into the building, Dale Granda came in also, and. Donald Brehm came in from the Rhallway of the building. Mrs. Bruno backed up against the stairs. Mr. Brehm began shooting her with water, and Mrs. Bruno asked him to stop. Then, Mr. Granda also began shooting her with water. Mrs. Bruno grabbed Mr. Brehm to “sort of push him to stop.” As she did so, she slipped and fell on the wet floor, hitting her back, neck, and head. Mrs. Bruno got up and “grabbed” the gun from Mr. Brehm. Mrs. Bruno walked outside and Mr. Granda began to shoot her with water again. At this point, Mrs. Bruno threw the gun aside and went back to sit down at a table with friends to have a beer and try to dry out her clothes before she left for home.
Mrs. Bruno stated that the party was on a Friday afternoon. It was on Monday that she felt the pain and went to see a doctor and was treated for back, neck, and head injuries.
Initially, we note that Mrs. Bruno never states that Stephen Ferrara was involved in the incident. In her deposition, she makes it clear that the only two individuals who shot her with water guns were Dale Granda and Donald Brehm. Therefore, the motion for summary judgment that dismissed Mr. Ferrara from the law suit is justified.
We also believe the other judgments were correctly rendered. We find *1270 no error in the trial court’s ruling that the Brunos cannot bear their burden of proof at trial of the essential element of an intentional tort in the context of exclusivity of workers’ compensation law. There is no evidence that, when Mr. Granda and Mr. Brehm squirted Mrs. Bruno with water guns, it was substantially certain that she would be injured. The facts, as presented by Mrs. Bruno, simply do not establish that any one of the named defendants/ap-pellees intended that any injury whatsoever would result from the acts, or that the resulting injuries were | ^substantially certain to follow.[14] We agree with the trial court’s conclusion that no intentional tort was committed and that Mrs. Bruno’s exclusive remedy is in workers’ compensation. Accordingly, we affirm the four appealed trial court judgments.

AFFIRMED

. La. R:S. 23:1032.

. It appears from the record that Lauren McClaflin was never properly served and did not make an appearance in this lawsuit.

. Phipps v. Schupp, 09-2037, p. 3 (La.7/6/10), 45 So.3d 593 (citing, Yokum v. 615 Bourbon Street, L.L.C., 07-1785 (La.2/26/08), 977 So.2d 859, 876).

. Hood v. Cotter, 08-0215, p. 9 (La.12/2/08), 5 So.3d 819, 824.

. La. C.C.P. art. 966(B) as it provided when these judgments were rendered. We note that La. C.C.P. art 966(B) was re-enacted by Louisiana Legislative Act 690 (2010), although the language cited in this opinion was not changed by the reenactment.

. La. C.C.P. art. 966(C)(2).

. In support of that argument, the Brunos refer this Court to the Louisiana Supreme Court’s opinion in Caudle v. Betts, 512 So.2d 389 (La.1987).

. Smith v. Tanner Heavy Equip. Co., Inc., 01-0886 (La.6/15/01), 790 So.2d 615 (citing Bazley v. Tortorich, 397 So.2d 475, 481 (La.1981)).

. 02-1116 (La.App. 5 Cir. 2/25/03), 841 So.2d 987.

. Id.

. Id.

. Chabert v. Mothe Life Ins. Co., 04-590 (La.App. 5 Cir. 11/30/04), 890 So.2d 621, 623 (citing Jasmin v. HNV Cent. Riverfront Corp., 94-1497 (La.App. 4 Cir. 8/30/94), 642 So.2d 311, 312, writ denied, 94-2445 (La.12/9/94), 647 So.2d 1110).

. 512 So.2d 389 (La.1987).

. See, Chabert v. Mothe Life Ins., supra; Guarino v. Kaiser Aluminum & Chem., 97-926 (La.App. 5 Cir. 5/13/98), 712 So.2d 989, writ denied, 98-1893 (La.10/30/98), 727 So.2d 1165, cert denied, 526 U.S. 1039, 119 S.Ct. 1334, 143 L.Ed.2d 499 (1999).