# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-946


**MICHAEL SMITH, ET UX.**

**VERSUS**

**ST. LANDRY PARISH SOLID
WASTE DISPOSAL DISTRICT, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-2222-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Michael C. Palmintier**
**Degravelles, Palmintier, Holthaus, & Frugé, L.L.P.**
**618 Main Street**
**Baton Rouge, LA 70801-1910**
**(225) 344-3735**
**Counsel for Plaintiffs/Appellants:**
    **Michael Smith**
    **Ernesta Smith**

**James D. Hollier**
**Jason T. Reed**
**Laborde & Neuner**
**P. O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendants/Appellees:**
    **St. Landry Parish Solid Waste Disposal District**
    **Katry Martin**

**DECUIR, Judge.**

Michael and Ernesta Smith filed suit against the St. Landry Parish Solid Waste Disposal District and its supervisor, Katry Martin, after their son, Martel Smith, was killed while working at the St. Landry Sanitary Landfill. The trial court granted summary judgment in favor of the defendants, finding the Smiths failed in their burden of proving the intentional act exception to workers' compensation immunity. The Smiths appealed, and for the following reasons, we affirm.

On April 22, 2008, Martel Smith was working with fourteen other employees at the landfill, a two-hundred acre site with restricted access to the public. Martel was assigned to dump canisters that day and was working alone using a Mack Econodyne roll off truck with a tilting bed operated by a hoist mechanism. In the early afternoon, another employee found Martel crushed between the hoist and the frame of the truck. Several workers freed Martel and placed his body on the ground nearby. Efforts to resuscitate him were unsuccessful.

A number of Martel's co-employees were perplexed by the accident, testifying by deposition that Martel could not have operated the controls himself in the position in which he was discovered. Other employees thought it possible that Martel might have climbed onto the frame to investigate something on the truck and his leg could have accidentally engaged the controls. The plaintiffs' expert explained that the controls have to be held down continuously with constant pressure or a spring mechanism will stop the movement of the hoist and return the bed to its original position. The expert opined that a third party must have been involved, as Martel could not have engaged the hoist on his own. All co-employees testified by deposition or affidavit that they were not present at the time

of Martel's death and had no knowledge of any other person who may have witnessed the events leading up to Martel's death. The repair records in evidence point to no malfunction in the truck, and it was put back into service at the landfill after the accident.

The Smiths contend the defendants are responsible for an intentional act which caused Martel's death and serves as an exception to the workers' compensation exclusive remedy provisions. Essentially, they suggest Martel was murdered by an unnamed co-employee. That employee, identified only as John Doe, must have lured Martel into a position between the hoist and the frame of the truck, then held down the controls for nearly a minute while Martel remained in position as the bed slowly came down on him. The trial court found the Smiths failed to set forth specific facts demonstrating a genuine issue of material fact, and summary judgment was granted in the defendants' favor. The trial court characterized the plaintiffs' theory as the stringing of speculative possibilities insufficient to meet the shifting burden of proof on summary judgment.

In order to establish the intentional act exception, a plaintiff must show that the employer "either 1) consciously desires the physical result happening from his conduct, or 2) knows that the result is substantially certain to follow from his conduct." *Smith v. Tanner Heavy Equipment Co., Inc.*, 01-886, p. 1 (La. 6/15/01), 790 So.2d 615, 615. In support of their motion for summary judgment, the defendants presented the testimony of Martel's co-employees, each of whom stated that he was not near Martel at the time of his death and did not cause or contribute to his death in any way. By showing that no one employed by the landfill was near Martel at the time of the accident, the defendants argue that the employer could not have consciously desired his death or known that his death was substantially certain to follow some undescribed conduct. This undisputed evidence

2

demonstrated no issue of material fact with regard to the actions of the co-employees.

The burden of proof then shifted to the plaintiffs to set forth specific facts which demonstrate a genuine issue for trial. The Smiths argue that each co-employee's statement fails to negate the possibility that another employee could have caused the death. They also rely on their expert's opinion that Martel, more likely than not, could not have caused his own death. These are not specific facts. Throughout the record, there are suggestions as to what might have caused Martel's death: a practical joke gone awry, murder by a co-employee, murder by a member of the public in an unauthorized area, suicide, mechanical failure, or Martel's leg inadvertently engaging the controls while he examined something on the truck. The Smiths have been unable to set forth any specific facts which would prove one theory over another.

Accordingly, we find no error in the determination that summary judgment was appropriate in this case. The plaintiffs cannot sustain their burden of proof with mere possibilities. Even relying on the truth of the expert opinion that Martel "more likely than not" could not have caused his own death does not establish a genuine issue regarding the employer's alleged intentional and conscious desire to cause Martel's death. This court addressed the plaintiff's burden of proof in a similar intentional act case:

> Even if Plaintiffs succeed in demonstrating the presence of some remaining asbestos in the work area, which Constructors vehemently denies, the Plaintiffs have not presented any facts to raise a genuine dispute that Constructors intentionally and consciously desired that they be exposed to asbestos or that Constructors knew, that by requiring Plaintiffs to continue on the job, exposure to asbestos was inevitable or substantially certain to occur.

> In support of its motion for summary judgment, Cleco offered the affidavits of its own representatives stating that Constructors was responsible for the renovation work and denying any intent on the part of Cleco to expose Plaintiffs to asbestos. The Plaintiffs did not offer

3

any evidence to refute the affidavits of Cleco. Accordingly, we affirm the decision of the trial court granting Constructors and Cleco's motion for summary judgment.

*Vidrine v. Constructors, Inc.* 06-544, p. 9 (La.App. 3 Cir. 3/21/07), 953 So.2d 193, 199, *writs denied*, 07-821, 07-883 (La. 6/15/07), 958 So.2d 1189, 958 So.2d 1196.

Additionally, we reject the plaintiffs' suggestion that the doctrine of *res ipsa loquitur* encompasses their allegations of an intentional act. To the contrary, *res ipsa loquitur*, by definition, contemplates an inference of negligence on the part of the defendant if certain evidentiary criteria are met. For instance, if the circumstantial evidence "sufficiently eliminates other possible causes of the injury, such as the plaintiff's own responsibility or the responsibility of others," then the rule of *res ipsa loquitur* may be invoked, if other criteria are met, to allow the jury to infer negligence. *Linnear v. Centerpoint Energy Entex/Reliant Energy*, 06-3030, p. 12 (La. 9/5/07), 966 So.2d 36, 45. *See also*, *Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So.2d 654 (La.1990).

The evidence presented in this case does not eliminate other possible causes of Martel's death. Further, the *res ipsa loquitur* doctrine does not encompass a defendant's intent and is simply inapplicable in an intentional act case.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the plaintiffs.

**AFFIRMED.**